No. 38.—BENJAMIN JOHNSON, plaintiff in error, *vs.* CURTIS NELMS, defendant in error.

No. 39.—CURTIS NELMS, plaintiff in error, *vs.* BENJAMIN JOHNSON, defendant in error.

These two cases were consolidated and argued together.

[1.] Justices of the Peace are not bound to give the law of a case on trial before a jury in their Courts in charge.

[2.] Juries in Justices' Courts are bound to render verdicts according to the rules of law and equity, applicable to the case before them, and if they violate these, their verdicts may be set aside.

*Certiorari,* from Dougherty Superior Court.   Decision by Judge ALLEN, June Term, 1856.

Benjamin Johnson sued defendant Nelmes in a Justices' Court for the hire of a negro from 1st of January to 15th of March, 1855, at the rate of ten dollars per month.   He had hired the negro to Nelms the year before, and he had not returned her, but retained and kept possession of her for two months and a half after the term of hire expired.   His excuse for this detention was that Johnson, her master, lived

out of the county, and had not demanded her at the end of the year, and he did not know where or to whom to send her.

Johnson at the trial in the Justices' Court, asked the Justice to charge the law of the case to the jury, which the Justice declined to do, and gave judgment for defendant.

Plaintiff sued out a certiorari, and brought the case before the Superior Court for review and reversal.

The presiding Judge, sustained the *certiorari*, set aside the verdict and remanded the case back for a new trial; but not upon the ground that the Justice committed error in not instructing the jury as to the law of the case, as requested, holding on this point that it is discretionary with the Justice to instruct or charge the jury or not, as he thinks best: and Johnson by his counsel excepted to said decision, because the same was not *made on the proper ground.*

And defendant Nelms excepted, because the Court erred in setting aside the verdict and granting a new trial.

SANDERS, for Johnson.

MORGAN, for Nelms.

*By the Court.*—McDONALD, J., delivering the opinion.

[1.] Our Justices' Courts take the place of what were known before the revolution and sometime afterwards, as Courts of Conscience. They were Courts for the recovery of small debts, and examined and determined the cases by the oath of the parties or other witnesses, and decided them according to equity and good conscience; 3. *Bl. Con.* 82. The Constitution of 1777, declared that the Court of Conscience should be continued as heretofore practiced. An act was passed in 1760, for the more easy and speedy recovery of small debts and damages. In 1762, that act was explained and amended and both acts were repealed by the act of 1789. *Watkins' Dig.* 406. The same act provided for the more speedy

recovery of small debts, not exceeding five pounds sterling. Justices' Courts, established in 1797, were invested with this jurisdiction, and could hear and determine suits not exceeding thirty dollars. The Justices now give judgment in the first instance, but either party, being dissatisfied with the judgment of the Justices, may appeal to a jury. The jury are sworn to try the cause, and give a true verdict, according to equity and the opinion they entertain of the evidence. The Justices' Courts, then, are our Courts of Conscience, established for the same object, and are to act and determine upon the same principles that governed such Courts at the time the Constitution of 1777 was formed. On appeal trials, the jurors are re-trying the case with all the powers the Justices had, and are to give their verdict according to equity and their own opinion of the evidence. It is an appeal from the judgment of one or two men, to a greater number. The Justices, then, may or may not give their opinion of the law to the jury. The jury are certainly not *bound* by the opinion the Justices may have of the law. They have a right to act on their own opinions in that respect, and the Justices, no doubt, very often act wisely in not attempting to give the law in charge. The Justices, in this case, committed no error in refusing to give the law, on request or otherwise, in charge to the jury, and the Judge of the Superior Court committed no error in refusing to reverse their judgment on that ground.

[2.] Although the juries in Justices' Courts have such large powers under their oaths, these powers were given to them to be ·exercised justly, and according to the rules of law and equity, and if they go counter to these, their judgments and verdicts are subject to be set aside. The Constitution and laws provide for the correction of such errors as they may commit in violation of the above stated rules. The defence set up by this case was that the hirer did not know where to send the negro at the expiration of the hire. The custom offered to be proved, has nothing to do with the

case. The hirer at the expiration of the time, according to the return of the magistrate, was negotiating with the owner for the purchase of the girl. He surely knew where the owner was at that time, and might have returned her or tendered her to him. The Circuit Judge ordered a new trial, the jury in the Justices' Court having found a verdict for the defendant, and we affirm his judgment.

Judgment affirmed.