### Albert Weston v. Olive McDowell.

*Pleading and evidence:    Common Count for goods, wares and merchandise.* Evidence of the sale of animate property is admissible under the common count for goods, wares and merchandise sold and delivered.

*Heard May 3.  Decided May 10.*

Error to Oakland Circuit.

This was an action of *assumpsit* brought by Olive McDowell, against Albert Weston, before a Justice of the Peace, in which the plaintiff declared in the words following:

"The plaintiff declares against defendant for goods, wares and merchandise, sold and delivered; cash lent; and work and labor done,—all within the last six years, to the amount of ($300) three hundred dollars." The defendant not appearing, a plea of general issue was entered in his behalf by the Justice, who, after hearing testimony, rendered judgment in favor of plaintiff, for one hundred and thirty dollars damages and six dollars costs.

The defendant appealed to the Circuit Court for the County of Oakland, where he filed a plea of the general issue accompanied by a notice of set off. Upon the trial of

the cause, the plaintiff offered evidence to show that in the
spring of 1867, she sold the defendant a yoke of oxen, and
for the price of one hundred dollars.   To the admission of
this evidence the defendant objected that such proof was
not competent under the declaration,—there being no count
in said plaintiff's declaration charging defendant with said
cattle.   The Circuit Judge overruled the objection, and re-
ceived the evidence, to which decision the defendant ex-
cepted.

A 'judgment having been rendered for the plaintiff below
on this evidence, the defendant removes the record to this
Court by writ of error.

*Crofoot & Brewer*, for plaintiff in error.

It is a general rule that in pleadings, words must be
construed according to their general acceptation.—*2 Chitty
Pleading, 218.* — We think the words, *goods, wares* and
*merchandise,* cannot include *cattle* or *oxen ;* that neither of
said words in their general acceptation, include *animate*
objects.   Bouvier says " the term *chattels* is more compre-
hensive than that of *goods,* and will include all *animate* as
well as *inanimate* property. — *1 Bouvier's Dict., 608, title
goods.*—All our forms of pleading seem to indicate that
where a party seeks to recover for *cattle* sold and deliv-
ered under the common counts, it is necessary to use the
words *cattle* or *chattels,* or something more comprehensive
than that of *goods, wares* and *merchandise. — 1 Chitty's
Pleading, 54.*

Mr. Chitty says, " It seems that the price or value of
*fixtures,* and perhaps *crops,* sold, may be recovered under
the common count, provided there be inserted therein, be-
sides the word *goods,* the term, *fixtures, crops, chattels, ef-
fects, &c.*   If *cattle* were sold, that word should be intro-
duced into the count; though the word *chattels,* which in-
cludes *animate* as well as inanimate things, would suffice."

Nor, he says, is the price of *fixtures* or *cattle* recoverable, it seems, under a count for *goods* sold; the words, *chattels, fixtures, cattle* and *effects,* should be added.— *Chitty on Cont., 442.*—Neither do the words, *goods, wares* and *merchandise,* include *building materials.*—6 *Taunton, 325 ; Chitty on Cont., 442.*— "Movables consist of,—first, *inanimate* things such as *goods,* plate, money, jewels, &c.; and secondly, *animate* things, as animals, &c."—2 *Stephen's Com., 67.*

*Williams on Executors, vol. 2, 1014,* speaking of what property passes in a devise, under particular words, says, the word, "*goods,*" is *nomen generalissimum,* and when construed in the abstract, will comprehend all the personal estate of the testator, as stocks, bonds, notes, wares, plate, furniture, &c. And to sustain the above principle, the author cites—*Ryal v. Rolle, 1 Atk., 180, 2 ; Crichton v. Symes, 3 ib. 62 ; Stukey v. Stukey, 1 Hill S. C. Ch. 309.*

None of the above cases go far enough to sustain the broad doctrine laid down in the text; and we have been unable to find any case holding that the word *goods,* in its general acceptation, includes *animate* objects. It is true that the word *goods,* in *wills,* has at times a very broad signification, but its meaning is generally limited or enlarged by the context of the will; and in pleadings, there is no such controlling influence, and the word must be used in its general acceptation.

*A. C. Baldwin,* for defendant in error.

The words " goods, wares and merchandise" are very general in their character, and, as I believe, comprehend all property of a personal nature. The usual printed forms of the common counts of a declaration contain only the word " goods," and the word " chattels," is seldom or never found. The word "goods," was sufficiently comprehensive to entitle the plaintiff by law to recover.

In Webster's Dictionary, edition of 1856, " Goods," is de-

fined as "personal or movable estate as horses, cattle, utensils, etc.; and in the edition of 1864, the word is defined as—"a valuable possession or piece of property; goods, wares, commodities, chattels."

In Worcester's Dictionary, the word is defined as, "the term goods comprehends a person's furniture, and other movable and personal property; cattle, implements of husbandry, etc."

At one time it was supposed that shares in an incorporated company were not included in these terms, and the twelve Judges were equally divided upon the question. The question has since been settled in England, that shares are included under the term "goods."—*Pickering v. Appleby, Comyn's Rep., 354.*—But by the whole current of American authorities, that question is now finally settled.—In *Tisdale v. Reed, 20 Pick., 13,* the question was fully examined by the Court, Chief Justice Shaw giving the opinion.

It will be considered that this was an action brought before a Justice of the Peace. No bill of particulars was called for, and no demurrer or objection interposed to the looseness or generality of the declaration. Declarations in Justices' Courts have always been favored.—*People v. Foote, 1 Doug., 102; Hurtford v. Holmes, 3 Mich., 460.*

GRAVES, J.

The defendant in error prosecuted Weston before a Justice, and declared orally for the price of goods, wares and merchandise, sold and delivered, and having recovered judgment, Weston appealed to the Circuit Court.

The declaration remaining as it was before the Justice, the plaintiff in error pleaded the general issue thereto in that court, and the parties proceeded to trial on that issue. The defendant in error, under objection, gave in evidence the sale by her to Weston of a yoke of oxen, and judgment

again passed for defendant in error. The only question is, whether the sale of the oxen was provable under the pleading.

It is claimed on the part of Weston, that the phrase "goods, wares and merchandise" did not authorize proof of the sale of animate property, and that the word "chattels" or "cattle" or some equivalent or equally comprehensive word or term was needed to admit of such evidence as was given on the trial.

There has been some diversity of opinion as to the legal scope in pleading, in criminal as well as civil cases, of the words "goods, wares and merchandise;" and some writers of authority have supposed it to be necessary, or at least the safer course, to use the word "chattels" in the common count, when the price of cattle is sought to be recovered; and it is possible, that in earlier times, when the rules of pleading were much more technical than at present, and the meaning of "goods and merchandise" according to general and approved usage, was somewhat more narrow than it has become since, it was necessary to take the precaution suggested.

There seems, however, to be no good ground, at this time, for the distinction which has been mentioned, when the question relates to the structure of the common *indebitatus* count, for property sold and delivered. For whatever may have been the received meaning formerly of the words goods and merchandise, it is quite certain that at present according to our standard linguistic authorities, the word "goods" may well include oxen. The language of the law itself affords an example of the use of the words found in this declaration, in a sense broad enough to include cattle. The third section of the statute of frauds,—§ *3184 Comp. L.*— provides that "no contract for the sale of any *goods, wares or merchandise,* for the price of $50 or more, shall be valid, unless," &c., and the succeeding section provides what shall be a sufficient memorandum in case of a sale of "goods" at

auction. It has always been considered that the phrase "goods, wares or merchandise" in the third section, and the word "goods" in the fourth of this statute, embraced animate as well as inaminate property, and no reason is perceived for giving a narrow meaning to the words when used in the common count.

The goods themselves are not to be recovered in the action or any damages for them. What is sought is to recover damages for nonpayment of the price for which the articles were sold, and hence the goods are said to be quite collateral to the action. The party need not be misled by the general language of the declaration. He can always compel a more specific and detailed statement of the items of the plaintiff's demand, by calling for a bill of particulars.

The judgment below should be affirmed with costs.

The other Justices concurred.