Augustus Wannack, plaintiff in error, vs. The Mayor and Council of the City of Macon, defendant in error.

1. The place of the execution of the commission attached to interrogatories must appear, otherwise such evidence should be excluded.

2. Where the facts stated in the affidavit of a witness in support of a motion for a new trial in behalf of the defendant, on the ground of newly discovered evidence, are controverted by the plaintiff, who submitted divers affidavits to the court, which he claimed showed the statement of such witness to be entirely unworthy of credit, but which did not attack such witness upon the ground of general bad character, this court will not control the discretion of the court below in ordering a new trial.

3. It was error in the court to remark, in its charge to the jury, that certain evidence which had been introduced upon the trial was of but little value, and to give its reasons therefor.

4. It is improper for the court, in the presence of the jury, to ask counsel if they will consent for the jury to disperse after having agreed upon their verdict, but before having returned it into court.

Interrogatories. New trial. Charge of court. Evidence. Jury. Practice in the Superior Court. Before Judge Hill. Bibb Superior Court. October Adjourned Term, 1873.

For the facts of this case, see the decision.

Lanier & Anderson, for plaintiff in error.

R. W. & S. H. Jemison; Hill & Harris, for defendant.

Warner, Chief Justice.

This was an action brought by the plaintiff against the defendant to recover damages for the loss of his stock of goods and merchandise in the city of Macon, destroyed by fire in consequence of the negligent conduct of its officers and agents in allowing and permitting divers persons to congregate together in the streets of said city, and to discharge fire-arms, Roman candles, and other combustible materials in the streets of said city, in violation of its charter and ordinances. On the trial of the case, the jury found a verdict for the plaintiff

for the sum of $1,925 19.   The defendant made a motion for a new trial on the several grounds stated therein, which was granted by the court on the third and tenth grounds contained in the motion; whereupon, the plaintiff excepted.

1. The tenth ground of error alleged in the motion, was the overruling the defendant's written exceptions to the execution and return of the commission for the interrogatories of two material witnesses for the plaintiff, Wannack, and Martin. The interrogatories served on the defendant recited that the witnesses resided in the city and state of New York.   The commission purports, on its face, to have been executed in Georgia, Bibb county, on the 28th of June, 1873, and at that time there were no such persons as Peter Meyer and John S. Ray, who pretended to have executed the commission, to be found in Bibb county, Georgia, and the person who pretends to have received the same from Ray, one of the pretended commissioners, and signing his name F. L. James, P. M., fails to state of what office he was postmaster, and further, there was no such postmaster in Bibb county, Georgia, on the 28th of June, 1873.   It was conceded on the argument here that the interrogatories were, in fact, executed in the city of New York, and that "Georgia, Bibb county," was inserted as the place of execution by mistake; but it was insisted that, inasmuch as it was merely a mistake in inserting "Georgia, Bibb county," as the place of execution, the defendant was not hurt by that mistake, especially as no commissioners were named.   The reply is, that the statute law of the state requires that the *place* of the execution of the interrogatories by the commissioners should appear: Code, section 3888.   When the statute declares that the place of the execution of interrogatories should appear, we understand it to mean the place where the same were, in fact, actually executed. With the policy of this requirement of the statute the courts have nothing to do, but it is their duty to obey it.   If necessary, several good reasons could be given in support of its requirement.   The question for the courts to decide is, what does the statute require in regard to the place of the execu-

tion of interrogatories, not whether a *mistake* as to the place of the execution thereof will hurt the objecting party.    Such a construction of the statute would make it a very *flexible* rule prescribed by the supreme power in the state for the execution of interrogatories by commission, but would be most inconvenient and uncertain in its practical administration.    The court did not err in sustaining the motion for a new trial upon this ground, as set forth in the record.

2.  The third ground contained in the motion, on which the court granted the new trial, was the discovery of new and material facts by the defendant, since the rendition of the verdict.    That the newly discovered evidence is material and not merely cumulative, and was not discovered by the want of proper dilligence on the part of the defendant, was not seriously denied, but the plaintiff insists that the facts and circumstances which he proved by the counter-affidavits of divers persons, and exhibited to the court, were such as to render the statement of Willis, in his affidavit, the witness by whom the defendant expected to prove the newly discovered facts, entirely unworthy of belief, and that the court ought not to have given any credit to the same in considering the motion for a new trial on this ground of the motion.    It will be noted, that the affidavits offered by the plaintiff, did not attack the credibility of Willis, on the ground of his general bad character.    Whether the facts detailed in the affidavits offered by the plaintiff, were such as to render the statement of Willis, in his affidavit, unworthy of credit, was a question exclusively for the consideration and judgment of the court on the hearing of this motion, and as the court, in the exercise of its judgment, thought proper to give credit to his statement, so far as to submit the same to the consideration of the jury on a new trial, this court, will not interfere to control its judgment upon the facts presented, in that respect.

3.  It was insisted on the argument for the defendant, that the court should have granted the new trial on other grounds contained in the motion therefor, as well as those on which it was granted, especially on the ground, that the court erred in

its charge to the jury in using the following words: "Why, gentlemen of the jury, I saw that Christmas exhibition myself, and was alarmed," and added, "but I am not a witness in this case, and was not at the firing, and I know nothing about how the fire occurred on Cherry street, and you must be governed by the evidence in regard thereto, and about which, I neither express or intimate my opinion." That the court also erred in saying to the jury, "the proof that plaintiff gave in for taxes in the early part of the year, property of less value than the amount sworn to by the plaintiff as lost by him, is of but little value, for he may have bought more goods after he made his return, and so of his insurance policy, he may have insured for less than the whole of his property. Men are not bound to insure for anything, indeed, insurance companies usually require insurers to take part of their own risk." The remarks of the court to the jury, and expression of opinion that any part of the evidence, was of but little value, and its reasons therefor, was erroneous and improper. Whether we should have granted the new trial on these grounds alone, in this case, it is not necessary for us now to decide, but we advert to them for the purpose of expressing our strong and emphatic condemnation of the action of the court, as disclosed in the record before us, as this court has heretofore done on former occasions of similar conduct on the part of the courts below on the trial of cases. The court on the trial of a cause before it, is presumed to be, and should be, an impartial arbiter as to the legal rights of the parties, and if competent evidence is submitted to the jury, it is their exclusive province to consider that evidence, without any expression of opinion by the court as to whether it is of much or of but little value.

4. The following request made by the court of the counsel, in the presence and hearing of the jury, as a matter of practice, was improper: "Will you consent for this jury, after having made up their verdict, to disperse and to return into court to-morrow morning a sealed verdict, sooner than they shall stay together all night?" This demand of counsel for

their consent should not have been made until after the jury had retired, and if the consent had been obtained, then to have so instructed the jury, or if made before the jury retired, it should have been done privately, so that the counsel would have been free to consent, or dissent, without prejudice to their case then in the hands of the jury.

Another ground was urged by the defendant why a new trial should have been granted was, that the defendant was not liable at all to the plaintiff for the damages sued for. As we affirm the judgment of the court below in granting the new trial on the grounds specified therein, we express no opinion as to the liability of the defendant under the special facts of this case.

Let the judgment of the court below granting the new trial be affirmed.