FREDERICK MEHRING, plaintiff in error, vs. S. F. CHARLES, defendant in error.

1. To authorize a judgment in attachment, the declaration must allege that the defendant's property has been attached, and, instead of praying process against defendant, should ask judgment for the sale of the property levied on in satisfaction of plaintiff's demand.
2. Where the attachment is based on a debt due by contract, and no issuable defense is filed on oath, judgment should be rendered by the court without the intervention of a jury.

Attachment. Judgments. Practice in the Superior Court. Before Judge KNIGHT. Forsyth Superior Court. August Term, 1876.

Reported in the decision.

H. P. BELL; H. L. PATTERSON; C. D. PHILLIPS, for plaintiff in error.

R. P. LESTER ; GEORGE N. LESTER, for defendant.

WARNER, Chief Justice.

This was a motion to set aside a judgment in the superior court of Forsyth county, on the ground that the pleadings were so defective that no valid judgment could have been rendered thereon, and because the pleadings and verdict

did not authorize the judgment. The court overruled the motion, and the defendant excepted.

It appears from the record and bill of exceptions, that the plaintiff sued out an attachment against the defendant on the ground that he was a non-resident of this state, which was levied on certain described lots of land as the property of the defendant. The plaintiff filed a declaration in the clerk's office, in which he alleged the defendant's indebtedness to him, and prayed that process might issue requiring the defendant to be and appear at the next superior court and answer his complaint. It was agreed that the declaration was filed at the first term of the court after the attachment was issued, and that the presiding judge had made an entry on the docket, opposite the attachment case : "Declaration filed," and that there was no other case pending in said court between the same parties. The declaration was not served on the defendant, nor is there any averment in the plaintiff's declaration that an attachment had been levied on the property of the defendant, and not even the slightest allusion therein to any process of attachment whatever. To this declaration there was no issuable defense filed by the defendant, on oath or otherwise, but there was a verdict of a jury on that declaration, finding the amount of the plaintiff's demand, and a judgment was entered up on that verdict for the amount thereof, to be levied and made out of certain described lots of land, without any reference whatever to the said lots of land having been attached as the property of the defendant.

1. There are two ways by which a plaintiff can obtain a judgment against a defendant and sell his property—the one by filing a declaration against him and serving him with process in the manner prescribed by law ; the other by issuing an attachment against him and seizing his property, when he is in a condition to authorize that process under the law. When the defendant has been served with process as provided by law, then the court has jurisdiction to render a judgment which will bind all his property ; but when the

defendant cannot be served with the ordinary process of the courts, his property, if within the jurisdiction of the state, may be attached, and the seizure of the defendant's property by the process of attachment, will give the court jurisdiction to enable the plaintiff to file his declaration against the defendant, provided he will allege therein that the defendant's property has been attached, and, instead of praying process against the defendant, pray that the court will render a judgment that the property levied on may be sold in satisfaction of his demand. In the case now before us, there was no service of process on the defendant which would have entitled the plaintiff to a general judgment on his declaration, so as to have bound all the defendant's property, and there is no averment in the plaintiff's declaration that the property of the defendant had been attached, so as to authorize the court to render a judgment for the sale of that property in satisfaction of the plaintiff's demand.

2. Besides, the pleadings and verdict did not authorize the judgment which was rendered, there being no issuable defense filed on oath; the presiding judge should have rendered the judgment, even if the averments in the plaintiff's declaration had been sufficient to have authorized a judgment. In view of the facts, as disclosed by the record in this case, the court erred in not setting the judgment aside.

Let the judgment of the court below be reversed.