## MIMS *vs.* SINGLETON.

62    159
f127   303

Where, in defense to a note which reads as follows: "$500.00. By the twenty-fifth day of December next, I promise to pay P. H. Singleton or bearer the sum of five hundred dollars in full payment for lot of land No. 388, in the 6th district of Early county. This Nov. 4th, 1870,"—it was alleged by way of equitable plea, in substance, that the land had been sold to defendant by one Johnson, and that defendant was unable to pay for it when the money fell due, and that Johnson was about to move from Early county when the trade was made, to go into mercantile business with the plaintiff, Singleton, who was his brother-in-law, in Griffin, and that Singleton advanced the money to Johnson to go into the said business, and at his own volition and suggestion took the note from defendant, and that defendant took a warranty from Johnson to the land, but took none from Singleton, and that there was an outstanding judgment obtained in Early against Johnson, at the date of the purchase, of which defendant was ignorant, which amounted to seventy-five dollars more than the balance due on the note given to Singleton and sued on by him, and that Johnson was now insolvent to the best of his, defendant's, knowledge and belief, and that the reason why he did not also make Singleton warrant the title was that he did not know of the judgment; and where the plea nowhere

distinctly charges any knowledge of said judgment in Singleton, but merely says in giving an excuse why defendant did not take Singleton's warranty that he did not know of said judgment when he bought, the knowledge thereof being fraudulently concealed from him by said Johnson and said Singleton, and where, while there are insinuations of fraudulent combination between Singleton and Johnson, there are no distinct allegations of fraud—and the court struck the plea as not entitling the defendant to relief :

*Held,* 1st, That there is no equity in said plea, there being no distinct averment therein of knowledge of the judgment against Singleton, or of any other fraud in him, but only conjectures and insinuations thereof.

2d. That equity will not relieve a defendant from the payment of a note after he has been guilty of such laches for eight years until his warrantor has become insolvent, if he be so, which fact itself is not distinctly alleged in the plea.

JACKSON, Justice.