## WEST *vs.* BLACK.

65 647
118 756

1. The verdict in this case is contrary to evidence. One who has made a valid conveyance of personalty cannot afterwards avoid the trans-fer by his mere admissions that the property is his, there being no question of fraud, and the debt under which the property is sought to be subjected, having been contracted after the transfer.

2. For a justice to admit a written conveyance of personalty in evi-dence before a jury, remarking that "the court thought the deed to

personalty was worth but little, but as the jurors were judges of the law and evidence, he would permit it to go before them for their consideration, if it was worth anything to them," was error, and was a good ground for *certiorari*.

Verdict.  New Trial.  Justice Courts.  Before Judge McCUTCHEN.  Whitfield Superior Court.  April Term, 1880.

Reported in the decision.

S. M. WALKER; W. C. GLENN, for plaintiff in error.

S. P. MADDOX; D. W. HUMPHREYS, for defendant.

CRAWFORD, Justice.

A *fi. fa.* in favor of Black against Mark West was levied upon certain property as defendant's, which was claimed by Nancy West as hers, but upon the trial of the claim, the jury fround the property subject.  She carried the case to the superior court by *certiorari*, which the judge upon the hearing refused to sustain, and she excepted.

The grounds of error set up in the *certiorari* and relied upon before this court are—that the finding of the jury was against the evidence ; and that the justice of the peace in ruling in certain testimony said that—"the court thought the deed to personalty was worth but little, but as the jurors were judges of the law and evidence, he would permit it to go before them for their consideration, if it was worth anything to them."

1. We have carefully looked into the testimony sent up in the record, and we cannot find enough to support the verdict, even under the liberal rule laid down by this court.

The defendant in *fi. fa.* made a deed on the fourth day of March, 1879, which was duly recorded on the following day, conveying and settling on Nancy West, his wife, and the claimant in this case, among other things, a certain wagon which he then owned.  In the latter part of

the year this same wagon was sold for fifteen dollars, and the money reinvested, with the wife's knowledge and consent, in the property levied upon and claimed.

These facts were not disputed on the trial. There was no attempt to show fraud in the making of the deed of settlement on the wife, and not a debt shown to have been in existence against him at the time. The debt upon which the execution is founded, and for which, in a proper suit and against the right party, the property itself would be liable, was contracted nearly seven months after the making of the deed, and amounts to the sum of five dollars and fifty cents only, which of itself does not indicate fraud. Indeed, there is no testimony upon which to condemn this property except the sayings of the defendant in speaking of the wagon as his. It cannot be held that after one executes a good and valid deed without fraud, conveying property to his wife or another, that he can unsettle the title thus fixed, and bring it back into himself by speaking of it as his.

2. The remarks of the justice in admitting the deed in evidence was error, whatsoever he might have thought of it when the case was before him; after it had gone to a jury he should have expressed no opinion calculated to control their verdict. The case should have been remanded for a new trial upon the grounds of error herein set forth.

Judgment reversed.