CECIL & THRASHER *vs.* GAZAN.

1. Where a levy was made under an attachment before judgment, and a claim interposed thereto, the issue is whether the property levied on is that of the defendant in attachment or that of the claimant; the issue so made is not affected by a subsequent judgment which did not cause the levy, though illegal.   If the property be found subject to the attaching creditor, he must get a good judgment before he can get his money; and if that which he has be not good, he must get another.

2. Where interrogatories show no venue as to place of execution, they are not admissible, on proper objection thereto, unless some good reason can be shown which renders them admissible, notwithstanding the defect. None such was shown here.

(*a.*) That the same interrogatories had been rejected for the same reason on a former trial, did not make them admissible on another trial.

(*b.*) The object of notice in writing of the objections to the execution of interrogatories is that the other party may move to continue to have the interrogatories re-executed, if he deems them material; if he deems them immaterial, that he may try; in either case, that he may act advisedly and without surprise. The notice is put on the interrogatories in writing, that there may be no mistake, and that the court may be certified thereof. When, therefore, objection had been made to interrogatories, on the ground that no venue was shown, and they were rejected on that ground, on a second trial of the same case, at a subsequent term, the objection will not be overruled because notice thereof was not given in writing.

(*c.*) Especially is this so, where the party who did not take out the interrogatories offered them in evidence.

3. The presiding judge did not abuse his discretion in overruling the motion for new trial on the ground of want of evidence to support the finding.

4. Though a motion to dismiss a writ of error, because the bill of exceptions was withdrawn for acknowledgment of service after filing, would be good if made in time, yet where the motion was not made until the day after the case was argued, it came too late.

September 18, 1883.

Attachment. Claim. Judgments. Interrogatories. Notice. Practice in Superior Court. New Trial. Practice in Supreme Court. Before Judge HANSELL. Brooks Superior Court. May Term, 1883.

An attachment in favor of Gazan against Young was levied on certain mules, and a claim was interposed by Cecil & Thrasher. The case was carried to the superior court by appeal. On the trial, plaintiff introduced in evidence the attachment papers having thereon the levy, verdict, judgment, and the judgment of the county court in the claim case, and proved possession in the defendant at the time of the levy. He also introduced testimony to

show a conversation, after the levy, between Young and Thrasher, in which the latter spoke of saving the mules, if Young would fix up the papers.

The claimants introduced a bill of sale from Young to them, conveying the mules, and bearing date some months before the levy.   They also introduced testimony to the effect that the bill of sale was executed at the time it bore date to secure a debt; that on the day of levy, Thrasher carried Young before witnesses, before whom he acknowledged his signature, and who signed the instrument.   Thrasher explained the conversation between himself and Young, by stating that if he was heard to say anything, it was that, if the papers were good, he would save the mules.

The jury found the property subject.   Claimants moved for a new trial, on the following grounds :

(1.) Because the court erred in admitting in evidence the attachment papers in the case of Gazan *vs.* Young, as evidence for the plaintiff, over objection by claimants, for the following reasons : 1st. Because they were irrelevant. 2d. Because no judgment had been issued on the attachment.   3d.  Because a general judgment had been entered up, if any at all, when the pleadings required a special judgment; that is to say, a judgment against the property .evied on ; and, 4th, Because there was an adjudication of the attachment case during the pendency of the claim case.

(2.) Because the court erred in rejecting the interrogatories of Young, when tendered by claimants, notwithstand ing the fact that said interrogatories had been rejected by the court on the former trial, on objection by the same party for the same reason, when they were then tendered by claimants. [The objection was that the place of execution did not appear.  No written objection was made.]

(3.) Because the verdict of the jury was decidedly against the weight of the testimony.

(4.) Because the said verdict was against the law and the evidence, and was without evidence to support it.

(5.) Not certified.

The motion was overruled, and claimants excepted.

On the day after the argument of this case, a motion to dismiss the writ of error was sent to the clerk by mail. The ground was that the bill of exceptions had been withdrawn for service after being filed in the office of the clerk of the superior court.

D. W. ROUNTREE, for plaintiffs in error.

W. C. McCALL, by brief, for defendant.

JACKSON, Chief Justice.

This is a claim case between a plaintiff in attachment and the claimants of two mules, which were levied on by the attachment prior to the judgment in attachment. The property was found subject, and a motion for a new trial having been denied, the claimants excepted.

1. One ground of this motion insisted upon here is, that the judgment in attachment was void, and was improperly admitted in evidence. If it were, it could not affect the claim case, because the levy was not by an execution issued upon the judgment, but by virtue of the attachment before judgment; and the issue was, is the property levied on that of the defendant in attachment, or does it belong to the claimants? It is clear that the levy being made before the judgment against the defendant in attachment, could not be affected by a judgment which did not cause the levy at all, though that judgment were illegal. If the property be found subject to the attaching creditor, he must get a good judgment before he can get his money; and if that which he has be not good, he must get another. We are inclined, however, to think that at bar, though irregular, may be upheld as substantially correct, and

therefore valid; but it is not necessary now to adjudicate that point. Code, §§3323, 3327, 3379.

2. The next point insisted on is that certain interrogatories were improperly rejected by the court. There was no venue; therefore, they were properly rejected, unless the plaintiff in error shows some good reason at law why they were admissible, notwithstanding this defect. The reason urged is, that they were rejected at the former trial. We do not see how the fact of their having been once rejected as illegal made them legal and admissible on the next trial. The question of their legality came up afresh, it is true, for the grant of a new trial works a trial *de novo;* but if they were illegally executed on the first trial, and rejected then, they were hardly healed by the grant of a new trial. It is urged that notice of objections to them in writing must be filed, if they have been twenty-four hours in court; and none were filed in this case, though these interrogatories had been in court ever since the last term; but the fact that they were then rejected, on the objection then made, made known that objection to the adverse party, gave the adverse party most emphatic and telling notice of it; more so, indeed, than an objection in writing unacted on by the court, and thus made known the objection to the opposite party, and knowledge is notice, whenever the object of the notice is to make known the objection so that the party may not be taken unawares, but may act with his eyes open. The object of notice in writing of the objection to the execution of the interrogatories is that the other side may move to continue to have the interrogatories executed, if he deem the objections fatal; if he deem them immaterial, that he may try; in either case, that he may act advisedly, and without surprise. The notice is put on the interrogatories in writing, that there may be no mistake about it, but the court may be certified thereof, which is answered when the court acted upon the objection and rejected the interrogatories before, on

v 71–41

the preceding trial. These views become stronger in a case where the party who did not take out the interrogatories offered them. The party who took them out would hardly have to object to them in writing, or give notice of objections. Code, §§3888, 3889, 3892 ; 53 *Ga.*, 162.

3. We cannot say that the presiding judge abused his discretion in overruling the motion for a new trial, on the ground of want of evidence to support the finding. The property was in the possession of the defendant in attachment when levied on; and when that was shown, it was subject, unless the claimant showed title. The title shown was a bill of sale of older date than the levy; but this bill of sale was attacked for fraud, as having been antedated ; and as fraud is subtle, slight circumstances may prove its existence. The circumstances in this case are sufficient to uphold the verdict. Proof is made that defendant in attachment and one of the claimants conversed about saving the property, after the levy of the attachment, by fixing the papers, and the property remained in possession of defendant, not only long after the date on the bill of sale, but after the levy. There is also some evidence of disclaimer of interest by the claimants, and the consideration of the sale to them by defendant is not as clear and full as it might and should have been, when the transaction was attacked as fraudulent.

In view of the whole record, we cannot do otherwise than affirm the judgment. 41 *Ga.*, 196; 42 *Ib.*, 146.

The judge declined to certify the last ground.

4. The motion to dismiss the writ of error is good, but came too late.

Judgment affirmed.