## CARNES vs. MATTOX.

1. There is no pleading in a justice's court save the summons, to which the justice is required to attach a copy of the note, account or cause of action sued on, at the time the same is issued.
(a.) Whether, on an appeal to a jury in a justice's court, the justice has power to grant a non-suit. *Quære?*
2. The evidence supported the verdict.
3 The power to find interest in this case being a question of law, if the jury in a justice's court erred in this regard, on *certiorari*, the error could be corrected by the judge, without remanding the case. The correction of this error did not hurt the defendant, and he has no right to complain of the judgment in his favor.
(a.) No error is specifically assigned on this ground in the bill of exceptions.

November 6, 1883.

Justice Courts. New Trial. *Certiorari.* Practice in Superior Court. Before Judge HARRIS. Heard Superior Court. March Term, 1883.

Mattox sued Carnes at the August Term, 1882, of a justice's court on an open account containing a single item, viz.:

"W. C. Carnes, to Nathan Mattox.

1882.   Jan'y.   To $20.00, the value. of one black and white cow which W..C. Carnes killed and sold and used the proceeds to his own purpose."

On the trial, the evidence showed, in brief, as follows: Plaintiff rented land to one Dick Wood, and through him, furnished provisions to Fed Crain, *alias* Fed Wood, charging the articles which he got to the latter.   Fed helped Dick to cultivate the land.   Dick offered the cow in dispute to plaintiff, who declined to take her until he saw Fed.   The latter said it was all right, and the cow was taken by the plaintiff, and $12.50 allowed to Fed for her.   Fed and his wife, Betsey, brought the cow to plaintiff's place. In fact, the animal belonged to Betsey, but plaintiff did not know it at the time.   He agreed with Fed and Dick to let them have the cow back, if they would split enough rails to pay for her.   They did split some rails, but plaintiff let Dick have some provisions, which he intended in payment for the rails.   There was no contract between plaintiff and defendant, of any sort, concerning the cow.   She was worth $20.00.   She stayed with Fed and his wife, and when they moved, she was carried with them.   Defendant had a mortgage on the cow, against Fed Wood, *alias* Fed Crain, which he foreclosed and had levied on the cow.   In order to save cost, it was consented between Crain and the defendant that the cow should be killed.   This was done at the instance of defendant.

The case was appealed to a jury in the justice's court, who found for the plaintiff $20.00 principal and 93 cents interest.   Defendant carried the case to the superior court by *certiorari*, alleging, among other errors, that the justice erred in not granting a non-suit, on the ground, that the action was based on an account for money, while the evidence showed that there was no agreement between the parties; and if there was any cause of action shown, trover was the proper remedy; and also because the verdict was contrary to law and evidence.   The court ordered that

the 93 cents interest be written off, and that the *certiorari* be dismissed.

Defendant excepted.

F. S. LOFTIN, for plaintiff in error.

T. H. WHITAKER, for defendant.

HALL, Justice.

It appears that Mattox sued Carnes in a justice's court; that to the summons was attached an account containing a single item, charging the defendant "to $20.00, the value of one black and white cow, which he killed and sold, and used the proceeds to his own purpose."

The case was tried by a jury, and a verdict found for the plaintiff, upon which a judgment was entered. This was carried to the superior court by a writ of *certiorari*, which, upon the hearing, was dismissed, with direction to the plaintiff in the suit to write off the interest (93 cents) found by the jury, which was immediately done. The errors alleged in the petition for *certiorari* were, that the justice erred in refusing to non-suit the case at the close of the plaintiff's evidence, because the suit was brought upon a contract, and the evidence disclosed a case in which trover or trespass would have been the proper remedy, and because the finding of the jury was contrary to the evidence, and without evidence to support it.

1. There is no pleading in a justice's court save the summons, to which the justice is required to attach "a copy of the note, account, or cause of action sued on," at the time the same is issued. Code §4139. This was done in this case, and the evidence substantially sustained the cause as thus set forth. If the justice had power, where an appeal was taken, to non-suit a case on the trial before the jury, which, to say the least, is doubtful, he certainly committed no error in overruling this motion.

2. There was a conflict of evidence in the case, and we

think there was enough to sustain the verdict of the jury; indeed, the verdict seems to be according to the weight of the evidence. The court below did not see proper to interfere with it on this ground, and in refusing to do so, did not abuse the discretion wisely vested in him, and we cannot control its exercise upon this writ of error.

3. It is insisted that the judgment upon the *certiorari* found error in the verdict to the extent of the interest returned, and that this should have sustained the writ and sent the case back, inasmuch as it was an error of fact, and that the superior court can render a final decision only in cases where the error complained of is one of law, where there is no question of fact involved which makes another hearing necessary. Code, §4067. The power to find interest under the circumstances, it seems to us, presented only a question of law, and if the jury erred in this respect, the correction of this error did not hurt the defendant, and he has no right to complain of a judgment in his favor. Besides, upon the correction of this error, the plaintiff in the justice's court had authority under the law to enter judgment in the superior court against the defendant and his security, in accordance with the final decision of the latter court. Code, §4071.

Upon looking into the bill of exceptions, we do not find any error specifically assigned upon this particular ruling of the judge, and unless this appears, we have no authority to interfere with it.

Judgment affirmed.