## BURRUSS *vs.* SMITH & TURNER.

1. Where counsel for both parties in a *certiorari* were present, and also the justice whose decision was excepted to, and one of the attorneys moved orally in open court that the justice be permitted to amend his answer, by stating a particular fact, which had been omitted in the original answer, which was allowed, no objection being made, at the next term thereafter, a motion to strike out the amendment was properly overruled.

2. Where a cropper had raised certain cotton on the rented land, and the landlord was about to sell it, when a person holding a mortgage on the cotton, given by the cropper, resisted the sale, and threatened to stop it under his mortgage, and in order to free the cotton from this threatened interposition and the law-suit consequent thereon, the landlord promised to pay the debt of his cropper and tenant for advances made to him in raising the crop, this was not a voluntary verbal promise to pay the debt of another, and therefore within the statue of frauds, but was a promise based on a valuable consideration. Nor did it make any difference whether the mortgage was good or whether it was insufficient to take the cotton.

3. The mortgage held by the defendants in error was properly admissible and admitted, because it was an important element to make the consideration for the promise, which made it an original undertaking, and took it without the statute of frauds.

4. A remark of a justice of the peace in ruling on the admissibility of evidence, as to its effect if true, would not require a new trial, though made in the hearing of the jury.

5. If evidence of the sayings of a landlord as to his dealings with his tenants and croppers was admissible, it was admissible to impeach him by showing his acts, to contradict his statements.

October 20, 1885.

Practice in Superior Court. Landlord and Tenant. Statute of Frauds. Consideration. Evidence. Mortgage. Justices and Justice Courts. Before Judge HUTCHINS. Walton Superior Court. February Term, 1885.

Smith & Turner brought suit against Burruss in a justice's court, and recovered a judgment. An appeal was taken to a jury, who found for the plaintiff; and the case was carried by *certiorari* to the superior court. At the August term, 1884, it was called for a hearing. Counsel for

defendants in *certiorari* suggested that there was an omission in the answer of the justice, and an order was taken requiring the answer to be amended without objection or exception, but no written notice was given to the opposite party.    The amended answer was filed February 17, 1885. At the February term then pending, the case again came on for trial.    Counsel for plaintiff in *certiorari* moved to strike the amended answer, which was refused.    The errors alleged in the petition for *certiorari* were as follows:

(1.) Because the justice erred in admitting testimony to show that the defendant promised in parol to pay to the plaintiff a debt which had been contracted with them by one Jessup.—The objection was that the promise was within the statute of frauds.    [The fact concerning the promise, as claimed by plaintiffs, are set out in the decision.]

(2.) Because the justice erred in saying in the presence of the jury that, if such verbal promise was made, the defendant would be bound by it.    [The justice, in his answer, stated that he did not remember making such a remark, but if he did, it was only made in admitting testimony.]

(3.) Because the justice admitted in evidence the note and mortgage made by Jessup to the plaintiffs.—The objection was that they were irrelevant, and that the mortgage was void because of insufficient description.

(4.) Because the promise, if made, was without consideration.

(5.) Because the justice admitted in evidence a letter or certificate, written by defendant, stating that it would be safe to supply one Mat. Cox, another tenant of defendant, with provisions and take a mortgage on his half of the crop for the year.    [This was admitted to contradict the evidence of the defendant, who testified that he had never given such a certificate to any hand on his place.]

(6.) Because the verdict was contrary to law and evidence.

The presiding judge dismissed the *certiorari* and rendered judgment for the plaintiffs. Defendant excepted.

D. H. WALKER; RAY & WALKER, for plaintiff in error.

JOHN W. ARNOLD, for defendants.

JACKSON, Chief Justice.

The superior court of Walton county dismissed a *certiorari* and sustained the verdict of a jury in a justice's court, and error is assigned on that judgment as well as upon the ruling of the court in refusing to strike an amended answer of the justice of the peace before whom the jury trial was had.

1. There was no error in refusing the motion to strike the amendment to the answer. At the fall term, 1884, of the court, the justice of the peace being present, the defendant in error made an oral motion, counsel on both sides being present, that the justice be permitted to amend his answer by stating a particular fact which had been omitted in the original answer. To this motion no objection was made by counsel for plaintiff in error, though present at the time; and the amendment was made. At the next term, the term at which the trial on the *certiorari* was had before the superior court, this motion to strike out the amendment so made was made by the plaintiff in error. It was properly rejected for several reasons: First, because he silently acquiesced in the order for the amendment when made; secondly, because he allowed six months to pass by without moving in the matter, and thereby acquiesced; thirdly, because if he had then objected, the defendant in error could have excepted in writing, and given the notice prescribed by law; and fourthly, because a motion to amend an answer in open court, all parties being present, hardly constitutes exceptions to an answer in the sense of the statute. The party being present, had notice, and there was no need of that. The justice

omitted one fact by mere mistake, and there was no contest between him and the counsel needing traverse or other issue between the officer making answer and the party complaining.

And besides all this, in the fifth place, the judgment refusing to strike was right, because the motion came six months too late. If, when made, it had been objected to, the motion could have been put in writing; and if the motion were the same substantially as exceptions to the answer, and notice technically had been necessary, it could have been given. If all these reasons did not compel the judgment, it might be based, sixthly, on the fact that the plaintiff in error should have excepted by *pendente lite* bill of exceptions when the motion to amend was made. Altogether the exception is so weak, that it is surprising that counsel, so able and experienced, should have made the untenable point. But "drowning men catch at straws."

2. The case on its merits is unquestionably with defendants in error. The promise to pay, on the part of the plaintiff in error, is not a voluntary verbal promise and within the statute of fraud. It is a promise to pay for a good and valid consideration which induced the plaintiff in error to make it. The cropper was his tenant. He was about to sell two bales of cotton, raised by that cropper on his land, when the defendant in error, who held a mortgage on the cotton, resisted and threatened to stop his sale upon the strength of a mortgage he held; and in order to free the cotton from this threat to oppose the sale of it and the lawsuit, to say the least, consequent thereon, the plaintiff in error promised to pay the debt of his cropper and tenant.

It makes no difference that the mortgage, on the fight between it and plaintiff in error, would have been insufficient to take the cotton from him. It makes no difference how lame as a mortgage it was, the consideration was valid. That consideration is the release of the cotton

from immediate sale, the hazard of a law-suit, the employment of counsel, the delay and doubt of the event, the fact that his tenant was enabled to make the crop by the advances of defendant in error, and the eminent moral justice there was in the claim of defendant in error. The judgment of Judge Hutchins, therefore, is eminently just, and demanded by strict law as well as equity.

3. The mortgage held by the defendants in error was properly admissible and admitted, because it was an important element to make the consideration for the promise, which made it an original undertaking and without the statute of frauds.

4. The remark of the justice of the peace in the presence of the jury was made in ruling on the admission of this mortgage, and would have been sustained, even if the law applicable to judges of the superior and city courts were applicable to justices of the peace on appeals to juries in their courts, which, so far as we know, is without authority of law. The juries try appeals from their judgments, and it would be rather novel that their opinion on facts should not go to the jury, when it is from that opinion the appeal trial is had, and to correct its errors the jury in the justice court sits.

5. The other testimony objected to by the plaintiff in error before the justice of the peace, was admitted to attack and impeach testimony on the other side offered and sworn to by the plaintiff in error, and which did attack and impeach it. It was relevant, because it did that, and grew out of the dealings of plaintiff in error with his tenants, of whom this cropper, whose debt he promised to pay, was one. If what he said about those dealings was admissible, the contradiction of it by his acts in writing surely was.

Judgment affirmed.