## FAVORS *vs.* JOHNSON.

| 79 | 553 |
| 99 | 70 |

1. On appeal trials in justices' courts, the presiding magistrate has no power to order a nonsuit because he deems the evidence insufficient to warrant a finding for the plaintiff.
2. Demand of payment, if made at all, unless made before, is made after the debt becomes due. Demand made when due is made after becoming due.
3. The admission of evidence wholly immaterial will not vitiate.
4. In ruling upon a motion, the magistrate may give his reason for denying it, though the jury may overhear his remark.

December 14, 1887.

Justices' Courts. Nonsuit. Demand. Evidence. Before Judge FAIN. Gordon Superior Court. February Adjourned Term, 1887.

Reported in the decision.

E. J. KIKER, for plaintiff in error.

T. C. MILNER, for defendant.

BLECKLEY, Chief Justice.

A landlord sued out a statutory process to enforce against his tenant a lien for supplies furnished. A levy was made, and the tenant resisted by affidavit, making, amongst other issues, the objection that no demand upon him for payment had been made after the debt became due. The proceedings were returned to a justice's court, and the magistrate, on trying the case, rendered a judgment for the tenant. The landlord appealed to a jury; and at the trial of the appeal, he introduced evidence, some of it upon the subject of a demand. The tenant, after this evi-

dence was in, moved either to dismiss the proceeding, or for a nonsuit. The petition for *certiorari* states that it was to dismiss the "lien proceeding"; the return of the magistrate says it was for a nonsuit. The magistrate refused to grant the motion, holding that the sufficiency of the evidence was a question for the jury. The tenant sued out a *certiorari* to this ruling, not complaining of the verdict or of any action by the jury, but of error in the magistrate in refusing the motion. At the hearing of the *certiorari*, the same was overruled.

1. The main question argued before us was, whether the account for supplies having become due on the 9th of October, a demand for payment made on that day in the forenoon would be a compliance with the statute, the fact being that the process to enforce the lien was issued the same day, but subsequent to making the demand. The whole issue on the demand, both as to law and fact, was for determination by the jury, and the presiding magistrate had no power to withdraw the issue or decide it. He had dealt with the case, and an appeal had been taken from his judgment. One of the issues which he had tried, and which was to be again tried, was that made between the parties touching a demand; and the evidence upon that issue was as much for the consideration of the jury as the evidence upon any other issue. For the magistrate to decide upon its sufficiency, would be to deny a trial by jury upon that issue, and refer it again to the same mind that had decided it once before. The jury in a justice's court is designed to fill the magistrate's place, or rather to succeed him, in judging of the sufficiency of evidence; and we think the magistrate has no power either to dismiss a proceeding or grant a nonsuit for any shortcoming in the evidence. It is not for him to say what the evidence does or does not establish, but for the jury to determine and find accordingly. He may charge the jury on matters of law should he think proper, but is not bound

to do so. *Adams vs. Clark,* 64 *Ga.* 648; *Johnson vs. Nelms,* 21 *Ga.* 194.

Touching the functions of the jury in a justice's court, see *Johnson vs. Nelms,* just cited. The query propounded in *Carnes vs. Mattox,* 71 *Ga.* 515, as to the power of the magistrate to grant a nonsuit, we now answer in the negative.

2. But for still another reason, and one quite as good, the motion was not available. The facts in evidence, if true, established a demand on the day the debt became due. The code, §1991, though requiring a demand to be averred in the affidavit, does not fix the time when demand is to be made. The time, therefore, is left to be determined on principles of general law. In several cases this court has decided that the affidavit must show that a demand was made after the debt became due. *Anderson vs. Beard,* 54 *Ga.* 138; *Gilbert vs. Marshall,* 56 *Ga.* 148; *Milam vs. Solomon,* 66 *Ga.* 55; *Central Railroad Co. vs. Sawyer,* 78 *Ga.* 784. In none of these cases, however, was it needful to draw attention to any particular day, and consider whether it lay within or beyond the scope of the general expression "after the debt became due." The head-note in *Gilbert vs. Marshall, supra,* which was written by me and approved by the whole court, seems to anticipate that the meaning of the phrase might come in question, and the intimation there given is, that *when* due is upon a par with after due; the language of the head-note being, "it must appear, affirmatively, that the demand was made when, or after, the debt became due." We think if a debt is due, it can be truly said it has become due; and that if a demand be made whilst it is due, the demand is made after it became due. Nothing can be due which has not become due; becoming is before being, and becoming must be finished in order for it to be succeeded by that which becomes. Take the example of becoming twenty-one years of age. Every person is a minor or an adult; there is no intermediate stage; every person

is becoming or has become twenty-one years of age.   So, every debt is becoming due or has become due; the moment of time which by expiring terminates immaturity renders the debt mature; there is no intervening moment; immaturity vanishes and maturity appears; to demand payment of the debt in the first moment of its matured existence, is to demand payment after it becomes due. Consider the first moment as enduring all day, or the first day as an ultimate unit without parts or fractions; expand the moment into a day or contract the day into a moment; in either way make their duration co-extensive, and merge them into one identity, and it must follow that demand made upon the first day is demand made " after the debt became due."   It is the expiration of the preceding day which renders the debt due, and the demand must be subsequent to that day, else it would be made before the debt became due.   When a change of state, such as that of a debt from immaturity to maturity, results passively from the mere lapse of time, the change is consummated at the point of temporal junction which marks the terminal boundary of the former state and the initial boundary of the latter.   This point is mathematical, having position in time but no duration.   Compared with it, all time is either anterior or posterior; and any event requiring a producing agent and actual time for its production, must transpire before or after.   Hence " at maturity," "when due," "after due," applied to demand for payment, will each include a demand made on the day of maturity, though the last will comprehend as well a demand made on any subsequent day, and the other two will not.   The most appropriate of all days for making a demand is the one on which the debt matures.   Indeed, for some purposes, unless the demand is made on that precise day, it will not suffice.   See all the works on Bills, Promissory Notes and Negotiable Instruments.   The creditor is entitled to receive payment on the day of maturity, and his right to receive it then is coupled always with his right, and sometimes

with his duty, to demand it then. That the debtor has the whole day within which to make payment, does not render the demand premature, so the demand be made within business hours. Here there is no complaint of the hour but of the day; and the day was not only proper, but the most proper of all possible days.

Had any point been made on the creditor's right to sue out his process on that day, there might have been force in that; but no such question was raised, and we will not discuss it. The exception was to the time of the demand, not to the time of the suing out process based on the demand.

3. The creditor, after testifying before the jury to mak· ing a demand in the forenoon of the same day upon which the debt became due, was allowed to add that he made the demand after the debt became due. This is one of the exceptions taken in the petition for *certiorari*, the presiding justice having admitted the evidence over objection. Whether admissible or not, the evidence could not do any harm. If the witness stated a legal conclusion, his conclusion, as we have seen, was correct. Besides, the result is not complained of; the verdict was not brought up for review. The petition does not even state that there was any verdict found or rendered.

4. The third and last exception in the petition for *cer tiorari* relates to a remark made by the magistrate in overuling the motion to dismiss or for a nonsuit. The return is silent as to whether the remark was made or not. Granting that it was made and overheard by the jury, it was not made to the jury, but to the counsel, and was merely a reason rendered for overruling the motion. It was simply that, " as the plaintiff had testified that the demand was made after the debt was due, the court would let the jury pass upon it." The testimony was recited, but not disparaged, as in *West vs. Black*, 65 *Ga.* 647, nor traced to its effect, as in *Burruss vs. Smith*, 75 *Ga.* 710. Whether

these two cases are altogether consistent, need not be considered.

Judgment affirmed.