## PRIOR *v.* THE STATE.

SIMMONS, C. J.   1.  Under the facts disclosed by the record, the court was authorized to charge upon the subject of voluntary manslaughter.
2.  There was no error in refusing to charge upon the subject of involuntary manslaughter.
3.  Even if any error was committed by the court in charging upon the subject of malice, the accused was found guilty of voluntary manslaughter, and could not have been hurt by such errors.

*Judgment affirmed.   All the Justices concur.*

Submitted October 20, — Decided October 24, 1903.

Indictment for murder.    Before Judge Felton.    Bibb superior court.    August 10, 1903.

*John R. Cooper* and *Herman Brasch*, for plaintiff in error.
*William Brunson, solicitor-general*, contra.

---

## TURNER *v.* THE STATE.

FISH, P. J.   It is cause requiring the grant of a new trial for the judge, on the trial of a gaming case, when admitting to the jury evidence of the good character of the accused, to say, in effect, that while evidence of good character is admissible in all criminal cases, in his opinion it does not illustrate the issue, or amount to much, in a gaming case.   Civil Code, § 4334 ;  *Wannack* v. *Macon*, 53 *Ga.* 162 (3) ;  *West* v. *Black*, 65 *Ga.* 647 (2) ;  *Southwestern R. Co.* v. *Philpot*, 67 *Ga.* 675 (8).   Where, in a certiorari, error was assigned upon such intimation by the trial judge of his opinion as to the probative value of testimony, the overruling of the certiorari was erroneous.

*Judgment reversed.   All the Justices concur.*

Argued October 20, — Decided October 24, 1903.

Certiorari.    Before Judge Evans.    Putnam superior court..
July 13, 1903.

*W. T. Davidson*, for plaintiff in error.
*J. E. Pottle, solicitor-general*, and *S. T. Wingfield*, contra.