### PARHAM & COMPANY *v.* POTTS-THOMPSON LIQUOR COMPANY.

COBB, P. J. 1. An averment in a pleading, that a named statute is "unconstitutional and void," is too vague and indefinite to raise any question for determination. *Newkirk* v. *So. Ry. Co.*, 120 *Ga.* 1048.

2. In cases of attachment a claim may be interposed either before or after judgment. Civil Code, § 4574.

3. Where a claim is interposed to the levy of an attachment, before judgment, the issue is whether the property levied on is the property of the claimant, or of the defendant in attachment; and the issue so made is not affected by a subsequent judgment which did not cause the levy, even though such judgment be illegal. If, on the trial of the claim case, the property is found subject, the attaching creditor can not proceed to make his money out of the property until a valid judgment has been obtained; and if that which has already been obtained is, for any reason, void, another judgment must be sought. *Cecil* v. *Gazan*, 71 *Ga.* 631.

4. Under the constitution of 1868, which authorized a judgment by the court, in all cases founded on a contract, where there was no issuable defense filed on oath, a judgment in an attachment case which was founded on a contract could be rendered by the court without a jury. *Taylor* v. *Bell*, 62 *Ga.* 159 (2), and cit.

5. Under the constitution of 1877, the authority of the superior court to render a judgment without a jury is restricted to those cases which are founded on unconditional contracts in writing, and in which no issuable defense has been filed on oath. *Daniel* v. *Hochstadter*, 73 *Ga.* 144 (2).

6. When there has been a levy, described as being upon certain barrels and half barrels, "each about half full," but with no statement as to the actual contents, the levy is to be treated as a levy upon the barrels and contents; and, upon the trial of a claim case arising under such a levy, it is not error to admit evidence showing what were the contents of such barrels.

7. Bar fixtures, safes, desks, cash registers, cigar cases, pool tables, refrigerators, and the like used in connection with a business to which they are appropriate, in facilitating the operation of such business and the sale of the goods connected therewith, and included in a sale with the goods, are a part of a "stock of goods, wares, and merchandise" within the meaning of the act of 1903 (Acts of 1903, p. 93) regulating the sale of stocks of goods, wares, and merchandise in bulk.

8. There being evidence that the stock of goods, wares, and merchandise in controversy was sold in bulk, and that the terms of the act above referred to were not complied with, as against a creditor of the vendor

the sale was fraudulent, no title passed, and the articles which were the subject-matter of the sale were subject to levy as the property of the vendor.

9. The evidence demanded a finding that the property was subject to the attachment, and there was no error in directing the jury to find a verdict against the claimant.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

Submitted July 18, 1906.—Decided January 15, 1907.

Levy and claim. Before Judge Mitchell. Lowndes superior court. November 22, 1905.

Potts-Thompson Liquor Company sued out an attachment against G. D. Cox, for $674.97, besides interest, alleged to be due on an open account for liquors, etc. The petition on which the attachment was issued alleged, that the defendant had sold to W. B. Parham & Company his stock of goods, wares and merchandise in bulk, consisting of a stock of liquors and bar fixtures in a certain storehouse, in violation of the act of the legislature, "to regulate the sale of stocks of goods, wares and merchandise in bulk," approved August 17, 1903 (Acts 1903, p. 92), in that the purchasers failed to give notice, personally or by registered mail, to the plaintiff, or to any of the creditors of the defendant, of said sale, the price to be paid, or the terms and conditions thereof, together with a copy of the statement of the assets and liabilities of the vendor, or to comply with any of the provisions of said law; and that the sale and failure to give notice as aforesaid was fraudulent as to the creditors of the defendant, including the plaintiff, and was made for the purpose of avoiding the payment of said debt, said property being liable for the payment thereof. The attachment was levied on property described in the entry of levy as "the following goods, to wit: 3 whole bbls & 2 half bbls each about half full 1 keg wine 4 gal in bots. 2 cash registers one set bal. fixtures on white side 1 set fixtures on col. side, 1 safe, 1 roller top desk, 2 cigar cases, one pool table, 1 refrigerator, 1 bureau, 1 lot of role and roping paper." W. B. Parham & Company filed a claim to the property, and, on the trial of the claim, filed, in connection with it, additional pleading, as follows: (1) The plaintiff can not recover, the act of 1903, relied on, being unconstitutional and void. (2) That the goods levied on are the property of the claimants and not subject to the attachment or to plaintiff's claim, because, at the

time the purchase was made, claimants demanded of the seller the names of all his creditors, their addresses, and the amounts due them respectively, and the seller told claimants he owed no one except Garrett, Williams & Company, of Baltimore, Md., and wanted them paid out of the purchase-money of the stock, and that he had on hand a few goods consigned to him by the Dalton Grocery Company, which would be returned; that the same were returned, and that claimants, before paying the purchase-money, paid the claim of Garrett, Williams & Co., in the sum of $800, and paid the balance, to wit, $329, to the seller; that claimants acted in good faith, paid all the debts of the seller, reported to them, and purchased on the strength of the statement that there were no creditors after the payment to Garrett, Williams & Co. (3) The amount paid to Garrett, Williams & Co. was more than the amount of plaintiff's claim; and claimants having paid to creditors more than plaintiff's claim, the property is not subject; and in no event would plaintiff be entitled to recover or have the property subjected to plaintiff's claim for a larger amount than plaintiff's pro rata of the purchase-money, paid after summing up all the debts and liabilities of the seller. (4) The entire amount of the purchase-money of the goods was $1,129, and only a part of the same was goods, wares, or merchandise within the meaning of said statute, and the value of the same was only $229. (5) The bar fixtures, safe, desks, cash registers, cigar cases, pool table, refrigerator, and other items than liquors, are not "goods, wares, or merchandise," within the meaning of said statute; and are, for this reason, not subject to plaintiff's claim, and are of the value of $900. Claimants pray that in no event the plaintiff be permitted to recover a larger amount than plaintiff's pro rata share of the claims against the defendant, "and especially of pro rata share of claims of plaintiff and other claims paid, claimants having also paid claims of Dalton Grocery Company for $70."

On the trial, when the plaintiff offered in evidence the attachment and the entry of levy, the claimants objected, and moved to dismiss the levy, because it did not show what interest the defendant had in the property, and did not show that it was levied on as the property of any one. They moved to dismiss the levy as to the barrels and half barrels, because it did not appear what the contents were. The court overruled the motion to dismiss, and ad-

mitted in evidence the attachment and the entry of levy. The declaration in attachment and a judgment entered on it in favor of the plaintiff were then admitted in evidence, over the objection of the claimants, that "it did not set out any facts, or the verdict of a jury, and is not a judgment in favor of the plaintiff against the defendant in attachment, and is not a judgment against the property, but simply a judgment ordering the sale of the property, and directing a recovery out of the proceeds." The levying officer testified that the property levied on was pointed out to him by a member of the claimant's firm, as the property of G. D. Cox, that he had bought from G. D. Cox. The secretary and treasurer of the plaintiff company testified to the indebtedness on which the attachment was based, and that the plaintiff had no notice that the sale in question was contemplated, and knew nothing of it until after it had been made, and was never furnished with a statement of the assets and liabilities of the defendant. J. E. Garnto testified, that he was a member of the firm of W. B. Parham & Company, and bought of Cox the goods in question, paying $1,129 for them. He asked Cox whom he owed, and made special inquiry of him for all names of creditors; and Cox said he owed Garrett, Williams & Company, and said that was all except a few little bills around town, mentioning the Dalton Grocery Company and the Atlanta Paper Company, and saying that the cigars belonged to the Dalton Grocery Company, and that some paper belonged to the Atlanta Paper Company, and that the same could be paid for or returned. Witness did not buy the paper, but paid the Dalton Grocery Company about $70, and paid $800 due Garrett, Williams & Company, paying the $800 out of the purchase-money of the stock and fixtures. There was no inventory of the stock, and no written statement of creditors, and none was demanded. Witness paid all the creditors that Cox told him of. He got no written statement of assets and liabilities, because Cox claimed he did not have any liabilities. Cox did not claim to owe Potts-Thompson Liquor Company anything. Of the items levied on, the bar fixtures, cash register, safe, desk, and pool table were valued at $900; which would leave other goods of the value of $229. "The goods levied on were part of the goods bought of Mr. Cox, I guess. Was not there when levy was made." The claimants objected to the following testimony of this witness,

brought out on cross-examination: "I do not know what was in the barrels; there were several parts of barrels, rum, gin, wine, apple brandy, etc. ;" the objection being that the contents of the barrels were not levied on. The court overruled the objection.

The court directed a verdict finding all the property subject, and the claimants excepted, assigning as error the rulings stated.

*Denmark, Ashley & Smith,* for plaintiffs in error, cited, as to constitutionality of act of 1903, 103 App. Div. Rep. (N. Y.) 218 (75 N. E. 404); 111 U. S. 756.

*Woodward & Smith, John L. Tye,* and *Charles A. Read,* contra, cited, as to constitutionality, 182 N. Y. 330; 12 Am. Bkr. Rep. 251; 185 Mass. 18; 30 Wash. 549 (31 Pac. 37); 76 Conn. 515; 109 Tenn. 398 (71 S. W. 50); 118 Wis. 424; 93 Md. 432; 94 N. Y. 137; 98 Id. 108; 111 Id. 359; 145 Id. 32; 9 *Ga.* 253(6). Meaning of "goods, wares, or merchandise," in act of 1903: 118 Mass. 285; 20 Mich. 357; 40 Ind. 598; Benj. Sales, § 111; Tiff. Sales, 43; 4 Barn. & Ad. 206; 144 Mass. 465, 468; Elliott, Ev. § 602; 96 *Ga.* 760; 114 *Ga.* 321. Purpose of the act: 124 *Ga.* 544. Estoppel to attack levy: 54 *Ga.* 296(1); 59 *Ga.* 849(2); 107 *Ga.* 283; 114 *Ga.* 740. Form of judgment in attachment: 58 *Ga.* 377(1). Judgment without jury: 58 *Ga.* 377(2).