GILBERT & SCOTT, plaintiffs in error, *vs.* M. A. MARSHALL, defendant in error.

In the affidavit to foreclose a lien in behalf of the owner of a steam saw-mill, it must appear, affirmatively, that the demand for payment was made when, or after, the debt became due.   It is not sufficient to  swear to a demand generally with no indication as to time.

Saw-mill lien.   Demand.    Before Judge WRIGHT.    Mitchell Superior Court.    May Term, 1875.

Reported in the opinion.

DAVIS & LYON, by R. F. LYON, for plaintiffs in error.

No appearance for defendant.

BLECKLEY, Judge.

Affidavit to  enforce a lien for lumber sold by the proprietors of a steam saw-mill alleged a demand upon the debtor for payment, and a refusal to pay, but did not fix the date of the demand or  show whether it was before or after the debt

Gilbert & Scott *vs.* Marshall.

became due.    The debtor having filed an affidavit contesting the execution and the enforcement of the lien, on the ground of payment, when the case came on for hearing, the court, upon the defendant's motion, ruled the plaintiff's affidavit insufficient, and passed an order quashing the execution.

According to the general principles of pleading, time should be averred in connection with every material fact: 2 *Kelly*, 92; 8 *Georgia Reports*, 178.    In the summary enforcement of liens, demand is so material that it stands in place of suit. It is the only notice which the debtor has prior to the actual seizure of his property: *Anderson vs. Beard*, 54 *Georgia Reports*, 137.    The true rule of law in reference to strictness in the observance of statutory requisites in these summary proceedings, is laid down by the chief justice in that case.    In the prior case reported in 46 *Georgia Reports*, 198, attention does not seem to have been called directly to the point of showing the time of demand.    We do not rule now that the exact date should appear, but that enough should be set out to show clearly that the demand was made after the debt became due.    The affidavit before us, even when read in connection with the bill of particulars annexed, does not affirmatively disclose that fact.    No indictment for perjury could be maintained on this affidavit by proof that the demand was made before the debt became due and not afterwards.    The court below held the affidavit insufficient, and the ruling is to be taken as *prima facie* correct.    It is certainly in line with sound principle; and is supported, moreover, by the plain tenor of the decision made here in *Anderson vs. Beard*.    Although my brother JACKSON has grave doubts, and I, myself, feel embarrassed by the case cited in 46 *Georgia Reports*, we all concur in affirming the judgment.

Judgment affirmed.