The Central Railroad and Banking Company of Georgia *vs.* Sawyer.

1. Where a common carrier sought to foreclose a lien on certain property, under §1991 of the code, it was necessary that the affidavit of foreclosure should show affirmatively that demand for payment was made after the debt became due; and for the want of such an allegation, the proceedings were properly dismissed.

(*a*). This case differs from that of *Wright vs. Phillips*, 46 *Ga.* 197, in which the point now decided was not made.

2. Although a counter-affidavit had been filed by the defendant, and the property had been sold under an order of the ordinary, this did not amount to a waiver of the failure to allege demand for payment after the debt became due; nor was it then too late to demur or object to the proceedings of foreclosure on that ground.

April 27, 1887.

Railroads. Common Carriers. Liens. Waiver. Before Judge Simmons. Bibb Superior Court. April Term, 1886.

Reported in the decision.

Lyon & Gresham, for plaintiff in error.

Hardeman & Davis, for defendant

Blandford, Justice.

The Central Railroad attempted to foreclose a lien, as common carrier, against certain property of Sawyer. The property which was levied on under that foreclosure was sold by order of the ordinary, under the statute. The defendant, when the case was called, moved to dismiss the proceedings, upon the ground that the foreclosure did not state that a demand had been made after the debt or claim of the plaintiff had become due, and the court sustained this motion; and that is the error complained of here.

1. In the first place, the plaintiff in error insists that it was not necessary to do anything more than allege in the affidavit that demand for payment had been made, without stating when it was made, whether before or after the debt became due; and he relies upon the case of *Wright vs. Phillips*, 46 *Ga.* 197. It will be seen, by an examination of that case, that this point was not made before the court when that case was determined. In the case of *Anderson vs. Beard*, 54 *Ga.* 138, this court distinctly held that the affidavit of foreclosure must, under section 1991 of the code, show affirmatively that the demand for payment was made after the debt became due. So also in the case of *Gilbert & Scott vs. Marshall*, 56 *Ga.* 148, the same ruling was made by this court, and the case of *Wright vs. Phillips*, 46 *Ga.* 197, was there alluded to, and it was ruled that in that case the point had not been made.

v 78-50

2. The plaintiff in error further insisted that, after the counter-affidavit had been filed by the defendant and the property had been sold, this was a waiver of any defect in the proceedings of foreclosure, and it was too late then to demur or object to the proceedings of foreclosure. This position is equally untenable, as appears from the case of *Toole & Shemphert vs. Jowers*, 49 *Ga.* 301, where it was expressly ruled by this court that after a counter-affidavit had been filed by the defendant, and after the defendant had replevied the property, he was not too late to move to dismiss the proceedings on account of any defect therein.

So we think that under the decisions of this court, the judgment of the court below should be affirmed.