## 2591.   SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY *v.* BEACH.

1. A corporation holding itself out as furnishing telephone service to the people of a community is a public-service company, and is charged with the duty of furnishing, for a reasonable compensation, to any inhabitant of the locality served by it, the usual telephone service for legitimate purposes. Such a company can not discriminate between members of the public desiring the telephone service, either as to manner of service or as to rate.

2. This duty of furnishing service and of not discriminating between members of the public has not been expressly declared by statute in this State, but it exists as a matter of general law in force in this State, by virtue of our adoption of the common law, and also by reason of a valid rule of the railroad commission.

(*a*) The 9th section of the act of 1907—Civil Code (1910), § 2666—relating to the jurisdiction and powers of the railroad commission, which prescribes that if any corporation within the jurisdiction of the commission "shall do, cause to be done, or permit to be done any act, matter, or thing prohibited, forbidden, or declared unlawful, or shall omit to do any act, matter, or thing required to be done, either by any law of the State of Georgia, by this act or by an order of the commission, such common carrier or other corporation or company shall be liable to the persons or corporations affected thereby for all loss, damage, or injury caused thereby or resulting therefrom, and in case of recovery, if the jury shall find that such act of omission was wilful, it may fix a reasonable counsel's or attorney's fee," does not authorize the recovery of attorney's fees (in cases where they are not otherwise recoverable under the general law) where the thing done or omitted has not been forbidden by some statutory enactment in this State or by some order of the railroad commission. Though a public-service corporation within the jurisdiction of the commission violates a duty imposed solely by the general law, or by general rule of the commission, it is not to be held liable for attorney's fees under the provisions of the act mentioned above.

(*b*) Usually, when an act of the General Assembly makes reference "to any law of the State of Georgia," the act is to be construed as referring to statute law, unless the context requires a different meaning; and this is especially true as to acts in derogation of the common law.

(*c*) The expression "order of the commission," used in the 9th section of the act of 1907, referred to above, has reference to special orders of the commission, and not to its general rules.

DECIDED FEBRUARY 7, 1911.

Action for damages; from city court of Savannah—Judge Freeman.   March 31, 1910.

*Osborne & Lawrence,* for plaintiff in error.

*Oliver & Oliver,* contra.

POWELL, J. 1. The case comes to this court on exception to the overruling of demurrers to the petition. It is alleged in the petition, that the defendant is a corporation engaged in the business of furnishing, for hire, telephone service to all persons in the city of Savannah, under and by virtue of certain franchises granted them, and that it is a public-service corporation under the laws of the State of Georgia; that in November, 1908, the defendant, "without legal cause, wilfully, deliberately, and maliciously" discontinued the telephone service which they had up to that time been furnishing to the plaintiff in his residence, and that up to the time of the filing of the suit they had "wilfully, deliberately, and maliciously" failed and refused to reinstal a telephone in his said home. The petition further recites that the plaintiff stood at all times ready to pay for the telephone service and to comply with all reasonable rules and regulations of the company; and that on November 16, when the company discontinued the service to him, he was not in arrears, but had a receipt in full from the telephone company for the month of November, 1908. He alleges general damages in the sum of $1,000. In addition to this, he sets up that he is entitled to recover attorney's fees in the sum of $250, under section 9 of the act approved August 23, 1907 (Acts 1907, p. 72, Civil Code (1910), § 2666), relating to the powers, jurisdiction, etc., of the railroad commission of Georgia, and under general rules numbers 1 and 2 adopted by the commission, forbidding discrimination on the part of public-service corporations.

We have no hesitancy in holding that the petition sets forth a cause of action. As Prof. Burdick, in his work on Torts (2d ed.), 474, says, "In all jurisdictions, and without the aid of statutes, the courts have decided, unhesitatingly, that telephone and telegraph companies are public-service corporations." He then further says (p. 476), "Inasmuch as these companies are public-service corporations, they are charged with certain duties to the public, among which are those of furnishing, for a reasonable compensation, to any inhabitant of the locality served by them, telegraphic or telephonic service for legitimate purposes, without unfair discrimination, either as to manner of service or rate. Their property has been employed by them, voluntarily, in such a manner as to become 'affected with' a public interest,' as that term

has been defined by the Supreme Court of the United States [in Munn *v.* Illinois, 94 U. S. 113, 126 (24 L. ed. 77)] . . . In case a telegraph or telephone company refuses, without lawful excuse, to serve any member of the community, or imposes improper conditions upon its performance of service, it renders itself liable to a tort action for this breach of its common-law duty, and also to a writ of mandamus or injunction." See, also, Jones on Telegraph and Telephone Companies, § 243 et seq.; *Gray* v. *Western Union Tel. Co.,* 87 *Ga.* 350 (13 S. E. 562, 14 L. R. A. 95, 27 Am. St. R. 259); *Dunn* v. *Western Union Tel. Co.,* 2 *Ga. App.* 845 (59 S. E. 189); *Freeman* v. *Macon,* 126 *Ga.* 843 (56 S. E. 61, 7 L. R. A. (N. S.) 917); *Milledgeville Water Co.* v. *Fowler,* 129 *Ga.* 111 (58 S. E. 643); *Macon Gas &c. Co.* v. *Freeman,* 4 *Ga. App.* 463 (61 S. E. 84). For a public-service corporation to be engaged in the general business of furnishing a particular form of service to the public generally, which it refuses to furnish to a particular person, upon compliance with its reasonable rules and regulations, is a breach of its legal duty to serve generally, and also an unlawful discrimination as against the particular person so treated. We have no hesitancy in saying that the petition stated a cause of action for general damages.

2. The more difficult question comes upon the point as to whether the allegations of the petition are such as to authorize the recovery claimed for attorney's fees. The claim is not asserted under the general law, which allows attorney's fees to be recovered because of the defendant's bad faith in certain classes of torts, but is based upon the act of 1907, mentioned above. By that act, telephone companies are placed under the jurisdiction of the railroad commission. The rules of the railroad commission require that all persons, firms, and corporations engaged in any business falling within its jurisdiction shall, so far as their intrastate business is concerned, "afford to all persons equal facilities in the conduct of said business, without unjust discrimination in favor of or against any." Section 9 of the act of 1907 provides, "that in case a common carrier or other corporation or company mentioned in this act shall do, cause to be done, or permit to be done any act, matter, or thing prohibited, forbidden, or declared to be unlawful, or shall omit to do any act, matter, or thing required to be done, either by any law of the State of Georgia, by this act, or

by an order of the commission, such common carrier or other corporation or company shall be liable to the persons or corporations affected thereby for all loss, damage, or injury caused thereby or resulting therefrom, and in case of recovery, if the jury shall find that such act or omission was wilful; it may fix a reasonable counsel's or attorney's fee, which fee shall be taxed and collected as part of the costs of the case." In the present case both omission and commission were alleged. The question is, is the thing omitted or committed "a matter or thing required to be done, either by any law of the State of Georgia, by this act, or by an order of the commission?" The expression, "by this act," refers, of course, to the act of 1907, and that act does not make any reference to furnishing service or. to discriminations in reference thereto. The discontinuance of the telephone service and the refusal to reinstall was not a violation of the act of 1907.

Was it a violation of "any law of the State of Georgia," or "order of the commission?" In a broad sense, it was a violation of the law of the State of Georgia, for the common law is a part of the law of the State of Georgia, but we do not think that the expression, "any law of the State of Georgia," has reference to the unwritten or common law, but think that it refers to the statutory enactments in force in this State. It is a general rule of construction that where an act of the General Assembly refers to the laws of its own State, the expression will be held to refer to statute law, rather than to unwritten law, unless the context requires a different construction; and especially is this true of acts which are themselves in derogation of the common law. See 5 Words & Phrases Judicially Defined, 4021-2. For example, in Brinckerhoff v. Bostwick, 99 N. Y. 185, it is held that expressions in statutes, such as "required by law," "prescribed by law," "regulated by law," etc., refer to statutory provisions only; and the expression, "liability created by law," as used in the Code of Procedure, was held to refer only to statutory liability, and not to liabilities recognized by the general law. We think that the section of the act before us had in its purview wilful violations of those statutes of the State which create express duties and obligations on the part of public-service corporations. In those cases a wilful violation of the written law is penalized by the subjecting of the offending company to a liability for attorney's fees, as well

as for damages. But there are a great many duties which exist only under the general law; and we do not think that the legislature intended to say that if a carrier wilfully committed an act which would be a breach of one of those duties, it should be subjected to this penalty, in the absence of bad faith. Of course, if wilfulness and bad faith enter into the tort, then attorney's fees are recoverable under the general law. To illustrate: If a carrier ejects from its train a passenger, without lawful right to do so, but under a bona fide belief that it has the right under the circumstances, the carrier has violated the law in such a sense that a cause of action will arise, but not in such a sense as that attorney's fees can be awarded. It is the duty of a common carrier to pay its honest debts promptly, at maturity, and if it omits to pay them, it is in a sense doing a thing which violates the law of Georgia, but we do not think that this would be such an omission, even though the omission were wilful, that attorney's fees would be recoverable, under the act of 1907. As to railroad companies, unjust discrimination is expressly forbidden by statute. See Civil Code of 1895, §§ 2187, 2188. But our attention has not been called to any statute expressly declaring the unlawfulness of these acts as applied to telephone companies.

Having determined that the things charged against the defendant do not come within the classification of matters or things required to be done by any law of the State of Georgia or by the act of 1907, we may look to the other phrase appearing in section 9 of the act of 1907,—"or by any order of the commission." This means, of course, order of the railroad commission. The act in question was a violation of the general rules of the railroad commission; so the further question arises, is the word "order," as here used, broad enough to include the general rules of the railroad commission? Able counsel for the plaintiff in error, as we think, correctly insists that there is a wide distinction between the rules of the railroad commission and its orders. The commission, it should be remembered, has the jurisdiction to order these public-service corporations to do or to omit to do particular things. If there is a particular infraction of one of these general rules, the interested member of the public may appeal to the commission, and after a hearing may obtain a special order requiring the doing or the omitting of the thing which violates

the general rules of the commission. If the offending corporation persists in its violation, so that the particular order as well as the general rule is violated, it subjects itself to liability for attorney's fees in addition to the other damages which may flow from the act. The range of conduct provided by these general rules of the commission is so broad as to negative the notion that a carrier, by violating any of them in any respect, would subject itself to the penalty of attorney's fees in addition to the damages which would naturally flow from the wrongful act. We have become convinced, therefore, that the claim for attorney's fees in this case can not be sustained upon the grounds on which the right to recover them is asserted. As we have already said, the plaintiff bases his right to recover them solely on the express provision of section 9 of the act of 1907, and not upon the general law.

Our conclusion, therefore, is that the court properly refused to dismiss the action upon the general demurrer, but that he should have stricken those paragraphs of the petition which claim attorney's fees in addition to the other damages.

*Judgment reversed.*