4844.  McCormick *v.* Tribune-Herald Company.

Pottle, J.  The remedy of a defendant in attachment to recover actual damages for the suing out of the attachment is upon the attachment bond.  An action of trespass can not be maintained by such a defendant against the plaintiff for the recovery of either actual or punitive damages, without alleging malice and want of probable cause in suing out the attachment.  *Sledge* v. *McLaren,* 29 *Ga.* 64; *Wilcox* v. *McKenzie,* 75 *Ga.* 73; *Porter* v. *Johnson,* 96 *Ga.* 145, 148 (23 S. E. 123); *Fourth National*

*Bank* v. *Mayer,* 96 *Ga.* 728 (24 S. E. 453). The rule is otherwise where the party injured has no remedy upon the attachment bond; as where the goods of one person have been seized and converted or damaged under process of attachment issued against another person. *Williams* v. *Inman,* 1 *Ga. App.* 321 (57 S. E. 1009); *Speth* v. *Maxwell,* 6 *Ga. App.* 630 (65 S. E. 580); *Maxwell* v. *Speth,* 9 *Ga. App.* 745 (72 S. E. 292). The decisions of this court do not conflict with the decisions of the Supreme Court, cited above, but recognize the distinction in the rule applicable between the parties to the attachment case and the rule applicable between the plaintiff and a third person whose property has been seized. The decision in *Speth* v. *Maxwell,* supra, is, in *Maxwell* v. *Speth,* supra, so explained as to harmonize with the rule laid down by the Supreme Court.                    *Judgment affirmed.*

DECIDED JULY 8, 1913.

Action for damages; from city court of Floyd county—Judge Reece. March 26, 1913.

*Harris & Harris, McHenry & Porter,* for plaintiff.
*Rowell, Kelley & Davis,* for defendant.