### 13779. STOUFER *v.* MISSENHEIMER.

BROYLES, C. J. 1. There is no merit in the motion to dismiss the bill of exceptions.

2. In a suit for damages based upon a malicious use of legal process, it must appear that the previous litigation has finally terminated against the plaintiff therein. *McElreath* v. *Gross,* 23 *Ga. App.* 287 (1) (98 S. E. 190).

3. In a suit where a judgment has been obtained, and where the case has been appealed to the reviewing court and is pending therein, the mere suing out of a garnishment based upon the judgment is not a malicious abuse of legal process. *Miller* v. *Gay,* 98 *Ga.* 536 (25 S. E. 577); *Newman* v. *Coker,* 150 *Ga.* 665 (105 S. E. 162).

4. Under the above rulings and the facts of the instant case the court did not err in dismissing the petition upon general demurrer.

        *Judgment affirmed. Luke and Bloodworth, JJ., concur.*

           DECIDED NOVEMBER 14, 1922.

Action for damages; from Fulton superior court — Judge George L. Bell. June 2, 1922.

*Morris Macks, H. W. Belfor,* for plaintiff.

*McCallum & Sims,* for appellant.

---

### 13782. LIFE & CASUALTY INSURANCE CO. *v.* HOWARD.

BLOODWORTH, J. 1. For no reason did the judge of the superior court err in refusing to dismiss plaintiff's case.

2. The motion for a new trial contains no special grounds. The issues of fact were passed upon by the jury under a charge as to which no complaint is made. This court cannot say that the verdict has no evidence to support it.

        *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

           DECIDED NOVEMBER 14, 1922.

Appeal; from Thomas superior court — Judge Thomas. June 30, 1922.

*James B. Burch,* for plaintiff in error.