*James R. Thomas & Son,* contra.

---

14445.  ROANOKE BANKING Co. *v.* DUNSON & BROTHERS Co.

BROYLES, C. J.  1.  Where a bonded public warehouseman receives cotton from, and issues warehouse receipts to, a person apparently in rightful possession thereof, though as a matter of fact the legal title to, and the right of possession of, the cotton are in another, but where the warehouseman has no notice, either actual or constructive, of such facts, he is not liable, as for a conversion, in an action of trover brought by the

true owner, unless the latter intervenes, and demands the property, or gives notice of his right thereto and of his intention to enforce it, before the cotton is surrendered by the warehouseman to persons holding and presenting the warehouse receipts and paying the storage charges. See, in this connection, *Shellnut* v. *Central of Ga. Ry. Co.*, 131 *Ga.* 404, 406 (62 S. E. 294, 18 L. R. A. (N. S.) 494); *Armitage-Herschell Co.* v. *Muscogee Real Estate Co.*, 119 *Ga.* 552 (1) (46 S. E. 634).

(*a*) As in the case of a common carrier the duties and liabilities of a bonded public warehouseman are fixed by law. Park's Ann. Code, §§ 2912 to 2921, inclusive.

2. Had the mortgage, which was executed in the State of Alabama, and under which the plaintiff in the instant case claimed title to the property subsequently brought into this State, been recorded in the county where the property was brought, within the six months period provided for in section 3259 of the Civil Code of 1910, or had the suit to recover the property been instituted *within* that period *against one* (even though a bona fide purchaser for value) *in possession and claiming title to the property*, and not merely against a bailee for hire (a bonded public warehouseman) who claimed no title to the property adverse to that of the true owner, or had the plaintiff made a demand upon the bailee while the property was in the latter's possession, a different case might have been presented.

3. Under the above rulings and the facts of the instant case, the court did not err in awarding a nonsuit.

> *Judgment affirmed. Luke and Bloodworth, JJ., concur.*
> DECIDED JUNE 12, 1923.

Trover; from city court of LaGrange — Judge Duke Davis. March 5, 1923.

*Moon & Parham,* for plaintiff.

*M. U. Mooty, J. T. Thomasson,* for defendant.