### 14791. FRYER *et al.* v. MORRISON.

This being a suit for malicious use of legal process, the petition is fatally defective for want of an averment that the suit upon which it was founded had terminated in favor of the defendant in the former suit (the plaintiff in this one) before the present action was filed; and the petition should have been dismissed on general demurrer.

DECIDED MAY 13, 1924.

Action for damages; from city court of Albany—Judge Clayton Jones. May 24, 1923.

*J. T. Mann, R. S. Roddenbery Jr.,* for plaintiffs in error.

*Milner & Farkas,* contra.

BLOODWORTH, J. Morrison brought suit for damages against the defendants in this case, who, with others, were plaintiffs in a previous proceeding in which it was sought to enjoin him from establishing and maintaining an undertaking establishment near their homes. The petition in this case, properly construed, is a suit for the malicious use of legal process. *McElreath* v. *Gross,* 23 *Ga. App.* 287 (1) (98 S. E. 190). In *Marshall* v. *Armour Fertilizer Works,* 24 *Ga. App.* 403 (100 S. E. 766), this court said: "There are three essential elements which must appear before one can recover for malicious use of legal process: (1) malice; (2) want of probable cause; and (3) that the proceeding complained of had terminated in favor of the defendant therein before suit for damages based upon it was brought." That each of the three elements mentioned in the

foregoing quotation are essential in suits of this character, see also *Fender* v. *Ramsey,* 131 *Ga.* 440, 443 (62 S. E. 527); *Clement* v. *Orr,* 4 *Ga. App.* 118 (60 S. E. 1017). Granting that in the case we are now considering the petition can be construed as showing that the injunction suit against Morrison was malicious and was without probable cause, it is fatally defective for want of an averment that the suit upon which it was founded had terminated in his favor. The court therefore erred in not sustaining the general demurrer to the petition. *Fulton Grocery Co.* v. *Maddox,* 111 *Ga.* 260, 264 (36 S. E. 647); *Brantley* v. *Rhodes-Haverty Furniture Co.,* 131 *Ga.* 276 (1) (62 S. E. 222); *Waters* v. *Winn,* 142 *Ga.* 138, 139 (82 S. E. 537, L. R. A. 1915A, 601, Ann. Cas. 1915D, 1248), and cases cited; *Stoufer* v. *Missenheimer,* 29 *Ga. App.* 191 (2) (114 S. E. 587); *Gibbs* v. *Bank of Tifton,* 21 *Ga. App.* 653 (3) (94 S. E. 827), and citations; *Clement* v. *Orr,* 4 *Ga. App.* 117, 120 (60 S. E. 1017), and cases cited. It is true that in this case there is an allegation in the petition that when the injunction case against Morrison was called for trial the plaintiffs therein "voluntarily requested the judge to pass an order dismissing the suit." However, the record shows the following order: "Upon the call of the above-stated case, it being made to appear to the court by competent evidence that the defendant W. F. Morrison has sold and conveyed all of his right, title, and interest in and to the premises upon which it is alleged in said petition that said Morrison was conducting an undertaking parlor or establishment, and that the said W. F. Morrison is no longer engaged in the undertaking business directly or indirectly at said premises, nor attempting to do so, and that therefore there is nothing to enjoin in said case, and injunction being the only remedy sought in said case by the plaintiffs, it is now ordered, that said case be and the same is hereby dismissed, with costs against plaintiffs." In the light of the statements in this order this court cannot hold that there was such a legal termination of the suit against Morrison as would enable him to maintain a suit for the malicious use of legal process. Both the superior and the Supreme Court had decided against him, and after this he voluntarily sold the property where the undertaking establishment was to be located. The suit against him had accomplished the purpose for which it was instituted, and, as was said in the order dis-

missing the case, "there is nothing to enjoin." See, in this connection, *Waters* v. *Winn,* supra.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*