15224. STEMBRIDGE *v.* MILTON.

STEPHENS, J. 1. The acquisition of personal property from one having the custody thereof but having no authority from the owner to surrender its possession to another affords probable cause for the issuance of a possessory warrant by the owner for its recovery.

2. In an action for malicious arrest and malicious use of legal process, predicated upon the arrest of the plaintiff under a possessory warrant sued out by the defendant for the recovery of certain cross-ties which had come into the plaintiff's possession, the petition fails to allege a want of probable cause where it alleges that the cross-ties, as the property of the defendant, had been acquired from the defendant's wife at the defendant's home, and where it does not appear that the wife in parting with the property, had authority from the owner to do so.

3. Construing the allegations of fact in the petition most strongly against the pleader, an allegation that when an intermediary, who was the person who had obtained the cross-ties from the defendant's wife, delivered them to the plaintiff, he informed the plaintiff of the facts of the transaction which the intermediary had had with the defendant's wife, "who," as the petition here alleges, "was the agent and representative of the" defendant, is no more than an allegation that the wife, at the time the intermediary made the communication to the plaintiff, was the agent and representative of the defendant; and such allegation will not be construed as alleging that the wife, at the time she surrendered the possession of the cross-ties to the intermediary, was the agent of the defendant, or that, as such agent and representative, she had authority to surrender the possession of the defendant's property.

4. An allegation in the petition that the defendant had dismissed the possessory-warrant proceedings is an allegation that the proceedings upon the possessory warrant had terminated favorably to the defendant therein.

5. The petition otherwise set out a cause of action; and direction is given that until the remittitur of this court is made the judgment of the trial court, the plaintiff be allowed to amend the petition to meet the defect pointed out in paragraph 3 above.

*Judgment affirmed, with direction. Jenkins, P. J., and Bell, J., concur.*

DECIDED OCTOBER 2, 1924.

Action for malicious prosecution; from Gilmer superior court— Judge Blair. November 9, 1923.

The opinion of Judge Blair, sustaining the demurrers, was as follows: "The plaintiff bought six cross-ties which had been wrongfully taken from the possession of the defendant; and, because the defendant pursued the remedy prescribed by statute for repossessing himself of his ties, the plaintiff brought this action for the recovery of damages. In my opinion the action cannot be maintained, for the reason that the petition shows no actionable wrong done by the defendant to the plaintiff.

"Vick had sold and delivered to the defendant six ties, and, going back later for his pay and finding the defendant absent from home, he took six ties from those in the possession of the defendant 'in the place and stead of the six which he had delivered to the said defendant,' and sold them to the plaintiff. Vick's taking was wrongful, and the plaintiff's possession was wrongful, for he took with full knowledge of the facts. The defendant was in the rightful possession of the ties acquired from Vick, and under the allegations of the petition, Vick could not have rescinded the sale, even had he pursued legal remedies. The sale to the defendant is not alleged to have been a cash transaction, and no fraud is charged. If Vick's debt was due, he had his remedies to recover the price of his ties, but no right to take the ties out of the defendant's possession without the defendant's consent and without legal procedure. Under no theory of the law, with or without legal process, did Vick have any right to take and carry away other property of the defendant, without the defendant's consent, as for or in satisfaction of Vick's claim against the defendant.

"The defendant was away and did not consent. His wife had no authority 'to pay for any cross-ties while he was away,' and

therefore she could not consent for him that his property be taken in payment of, or exchange for, ties previously bought by him. Vick's taking was wrongful.

"The defendant was entitled to recover possession of his ties, and possessory warrant was the appropriate remedy therefor. So far as appears, the possessory warrant was regular in form and in its execution. Nothing to the contrary is alleged, and, if we adopt the plaintiff's allegations as the evidence introduced or that might have been introduced on the trial of the possessory warrant, there could be but one legal judgment rendered thereon, to wit, a judgment awarding the possession of the ties to the plaintiff in the possessory warrant. The defendant here being entitled, under the allegations, to recover in the possessory-warrant case, it cannot be said that the swearing out of the possessory warrant was without probable cause. For the same reason, it cannot be said that the plaintiff's arrest under the said warrant was illegal or wrongful. The conclusion reached is that the plaintiff is not entitled to recover under either count, and the general demurrers are sustained."

*Morris, Hawkins & Wallace,* for plaintiff.

*Wood & Vandiviere,* for defendant.