*W. A. Dampier,* for plaintiff in error.

---

·15560. VANDALSEM *v.* CALDWELL.

BELL, J. 1. In order for a depositary for hire (Civil Code of 1910, §§ 3494, 3501) to foreclose his lien under the Civil Code, § 3366, it is incumbent upon him to allege in the affidavit made for that purpose, among other things, that he made demand upon the depositor for payment after the amount claimed became due. Where an attempted foreclosure was made in which the affidavit omitted such averment, a sheriff's sale made thereunder was without authority of ·law and void. *Erskine* v. *Wiggins*, 58 *Ga.* 187 (2); *Anderson* v. *Beard*, 54 *Ga.* 138; *Favors* v. *Johnson*, 79 *Ga.* 553 (2) (4 S. E. 925); *Scott* v. *Marshall*, 56 *Ga.* 148; *Milam* v. *Soloman*, 66 *Ga.* 55; *Wall* v. *Rutherford*, 60 *Ga.* 440; *Central R. Co.* v. *Sawyer*, 78 *Ga.* 784 (1) (3 S. E. 629); *Moore* v. *Martin*, 58 *Ga.* 411 (2), 413; *Faircloth* v. *Webb*, 125 *Ga.* 230 (5) (53 S. E. 592); *Bertha Mineral Co.* v. *Buie*, 27 *Ga. App.* 660 (1) (109 S. E. 539).

2. Where in such a case the only allegation in respect to demand as contained in the affidavit to foreclose was: "Demand for payment of the above amount alleged and being due having been repeatedly made on the said [depositor] and the same having been consistently refused and denied," there was a failure to comply with the rule laid down in the preceding paragraph. It was only alleged therein that the claim was due at the making of the affidavit. *Stembridge* v. *Milton*, 32 *Ga. App.* 735 (3) (124 S. E. 540); *Standard Gas Products Co.* v. *Vismor*, 31 *Ga. App.* 418 (121 S. E. 854). The lien laws are in derogation of the common law and are to be strictly construed. One who claims a lien must bring himself clearly within the law. *Hawkins* v. *Chambless*, 116 *Ga.* 813, 814 (43 S. E. 55); *Mabry* v. *Judkins*, 66 *Ga.* 732. As was said by the Supreme Court in *Wall* v. *Rutherford*, 60 *Ga.* 440, 441, in which there was an omission from the affidavit of one of the facts neces-

sary to the foreclosure of a lien under the Civil Code, § 3366: "The court did not err in holding the affidavit defective; and the entire superstructure built on such a foundation had to tumble."

(a) Even assuming that the affidavit might at the proper time have been amended (see Civil Code of 1910, § 5706; *Haralson* v. *Speer*, 1 *Ga. App.* 573 (1), 58 S. E. 142; *Redwine* v. *Jarrell*, 14 *Ga. App.* 294 (3), 80 S. E. 728), the right of amendment was never exercised so as to give it efficacy. *Hardwick* v. *Shahan*, 30 *Ga. App.* 526 (2) (118 S. E. 575).

3. Where a depositary for hire causes the property of another, which has been stored with him, to be sold and made way with under such defective proceeding, the depositor may recover of him actual damages without alleging malice or want of probable cause. *Chambers* v. *McDowell*, 4 *Ga.* 185; *Gunn* v. *Pattishal*, 48 *Ga.* 405; *Patterson* v. *Phinizy,* 51 *Ga.* 34 (2); *Boyd* v. *Merriam*, 53 *Ga.* 562; *Juchter* v. *Boehm*, 67 *Ga.* 534 (1); *Stewart* v. *Atlanta Beef Co.*, 93 *Ga.* 12 (3) (18 S. E. 981, 44 Am. St. Rep. 119); *Hamer* v. *White*, 110 *Ga.* 300 (2) (34 S. E. 1001); Civil Code (1910), §§ 4481, 4485.

4. The plaintiff in this case sued the defendant not for his having sued her, but because of the wrongful disposition he is alleged to have procured of the property she had entrusted to his keeping. The process being invalid, the plaintiff could have sued either in tort for the trespass or for a breach of the terms implied by law in the contract of bailment, that the defendant would safely keep the property or dispose of it only according to law.

5. Moreover, the petition averred, not only that the foreclosure proceedings were invalid for the defects referred to above, but also that the defendant depositary had never in fact demanded payment, the averment of such demand being charged as false and fraudulent; and that without notice the defendant obtained a "short order" for the sale of the property under the Civil Code, § 6068, when he knew, or by the slightest inquiry could have known, that notice to the plaintiff was not impracticable, as the application for the short order alleged. See Civil Code (1910), § 6069. Under these averments the defendant might be held liable for actual damage as for a breach of the contract of bailment, irrespective of the validity or invalidity of the proceedings upon their face. In view of the contractual relation between the parties and the nature of the wrong complained of, allegations of malice and want of probable cause were unnecessary for the recovery of actual damages, whether the action be construed as ex delicto or ex contractu, under the respective theories here indicated. (See authorities cited in the preceding paragraph, and also the following: *Hendricks* v. *Middlebrooks Co.*, 118 *Ga.* 131 (3), 139, 44 S. E. 835; *Bennett* v. *Tucker*, 32 *Ga. App.* 288, 123 S. E. 165; *Lea* v. *Harris*, 88 *Ga.* 236, 14 S. E. 566; *Payne* v. *Watters*, 9 *Ga. App.* 265, 70 S. E. 1114; *Milledgeville Water Co.* v. *Fowler*, 129 *Ga.* 111, 58 S. E. 643; *Southern Bell Telephone Co.* v. *Beach*, 8 *Ga. App.* 720 (1), 70 S. E. 137; *Fain* v. *Wilkerson*, 22 *Ga. App.* 193, 95 S. E. 752). Aliter if the foreclosure proceedings had involved the violation of no duty arising in contract and if the proceedings had been valid on their face, the present plaintiff having been

a party thereto. *Porter* v. *Johnson,* 96 *Ga.* 145 (1). (23 S. E. 123); *McCormick* v. *Tribune-Herald Co.,* 13 *Ga. App.* 61 (78 S. E. 779).

6. "If it is doubtful whether an action is based on tort or on contract, such doubt furnishes a ground for special demurrer, and, if such demurrer is sustained, the plaintiff may amend so as to clearly show why he is suing for a tort or for breach of contract. Where no special demurrer is filed to such action on the ground of duplicity in the petition, the plaintiff can elect upon which cause of action he will rely, if his petition sets out a cause of action which is good either as one for a tort or one for a breach of contract." *Citizens & Southern Bank* v. *Union Warehouse & Compress Co.,* 157 *Ga.* 436 (122 S. E. 327).

7. The test of the sufficiency of a petition as against a general demurrer is whether the defendant can admit all the allegations therein contained and at the same time escape all liability. "If a petition sets forth a cause of action, either ex contractu or ex delicto, it will withstand a general demurrer; and it is not the duty of the appellate court, in passing upon an exception to a judgment sustaining a general demurrer, to decide whether the action is one ex contractu or ex delicto." *Citizens & Southern Bank* v. *Union Warehouse & Compress Co.,* supra. The same rule applies where the exception is to a judgment overruling a general demurrer. The overruling of a general demurrer does not adjudicate that the petition is good in every part or that the plaintiff is entitled to recover the entire sum claimed, but that the petition is not wholly bad. *Georgia Ry. & Elec. Co.* v. *Decatur,* 29 *Ga. App.* 653 (7) (116 S. E. 645); *New Zealand Fire Ins. Co.* v. *Brewer,* 29 *Ga. App.* 773 (5) (116 S. E. 922); *Shahan* v. *Myers,* 130 *Ga.* 724 (3) (61 S. E. 702).

8. Assuming that facts are alleged in the declaration from which malice and want of probable cause might both be inferred (*Thornton* v. *Story,* 24 *Ga. App.* 503 (4), 101 S. E. 309), the suit could not yet be construed as one for the malicious use of legal process, for the reason that it fails to show that the foreclosure proceedings had terminated *in favor of the defendant therein* before her present action for damages was filed. *Clement* v. *Orr,* 4 *Ga. App.* 117 (60 S. E. 1017); *Stoufer* v. *Missenheimer,* 29 *Ga. App.* 191 (2) (114 S. E. 587). It could not be construed as an action for abuse of legal process, for the foreclosure was not perverted to a foreign object, but was employed for the very purpose which it was intended by law to effect. *McKellar* v. *Moynihan,* 28 *Ga. App.* 431 (111 S. E. 580). This is true although in a suit for damages growing out of a perversion or abuse of the court's process it is not necessary to show that the former litigation was without probable cause, or that it terminated prior to the institution of the suit for damages. *Roberts* v. *Willys-Overland,* 27 *Ga. App.* 304 (108 S. E. 138).

9. Applying the foregoing rulings, the court did not err in overruling the general demurrer to the petition.

*Judgment affirmed. Stephens, J., concurs. Jenkins, P. J., concurs specially.*

DECIDED NOVEMBER 13, 1924.

Action for damages; from Colquitt superior court—Judge W. E. Thomas. April 11, 1924.

*J. H. Cheney, J. L. Dowling,* for plaintiff in error.

*Askew & Mather,* contra.

JENKINS, P. J., Differing with my colleagues in their interpretation of the language of the affidavit as set forth in paragraph 2 of the syllabus, I concur in the judgment for the reasons set forth in paragraph 5.