## DISTRICT OF COLUMBIA v. GEORGETOWN & T. RY. CO. (two cases).

### Nos. 4812, 4813.

Court of Appeals of District of Columbia.
Argued Jan. 9, 1930.

Reargued April 9, 1930.
Decided May 5, 1930.

W. W. Bride, Ringgold Hart, and Vernon E. West, all of Washington, D. C., for appellant.

S. R. Bowen and H. W. Kelly, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice.

These cases involve the same issue, and have been considered and decided together. An agreed statement of facts was filed in each case; and for convenience this opinion will deal with the facts appearing in case No. 4812.

On June 7, 1924, the Congress of the United States passed an act entitled "An Act Making appropriations for the government of the District of Columbia and other activities chargeable in whole or in part against the revenues of such District for the fiscal year ending June 30, 1925, and for other purposes." 43 Stat. 539. The act included the following appropriation (page 549): "For paving Wisconsin Avenue, Massachusetts Avenue to River Road, sixty feet wide, including necessary relocation of street car tracks and water mains, sixty feet wide, refund to be obtained from the street railway company so far as provided under existing law, $350,000."

At that time the tracks of the street railway companies, appellees herein, were located upon the part of Wisconsin avenue referred to in the act, and a relocation of the tracks was necessary to carry out the contemplated improvement of the avenue. Thereupon the Commissioners of the District of Columbia notified the street railway companies to adjust and relocate their tracks in Wisconsin avenue in such manner as to facilitate the paving of the roadway of the avenue to a width of 60 feet as authorized by the act, and also notified them that if the companies failed to do so, the work would be performed by agents of the District and the cost thereof recovered from the companies "in the manner provided by law."

In reply to this communication, the Georgetown & Tennallytown Railway Company addressed the Commissioners of the District in part as follows:

"We know of no provision of existing law under which we are required to pay the

cost of relocating our tracks and, therefore, maintain that we are not required to pay for grading, ballasting, installing track material and relocating pole line and overhead fixtures which will become necessary for the Commissioners to assume if the said Act is to be executed and pay the expense thereof under provision of the said Appropriation Act.

"We, therefore, respectfully suggest that this work be performed by the District of Columbia, subject to the right of the District to bring suit to recover the cost thereof from this company."

An agreement was thereupon executed by and between the District of Columbia and the Georgetown & Tennallytown Railway Company, containing the following stipulations:

"1. The District of Columbia will proceed as soon as possible with, or contract for, the necessary grading, ballasting, installing track materials and relocating pole line and overhead fixtures on Wisconsin Avenue between Massachusetts Avenue and River Road, as aforesaid, at an approximate cost of $65,000.00, an accurate record of which shall be kept.

"2. The Georgetown & Tennallytown Railway will do and perform the remainder of such work as may be necessary within the space between its tracks and rails and two feet exterior thereto on Wisconsin Avenue between Massachusetts Avenue and River Road, including the furnishing of rails, ties, rail fastenings and paving, at an estimated approximate cost of $106,408.72, as contemplated by said Act making appropriations for the District of Columbia for the fiscal year ending June 20, 1925. The company will keep an accurate record of such costs.

"3. The Georgetown & Tennallytown Railway Company further agrees to facilitate in any way possible the early hearing of any suit brought by the District of Columbia to recover the amount above mentioned, to-wit, $65,000.00, or any part thereof, which may be expended for the work above mentioned, to the end that there may be an early adjudication of the same."

In pursuance of this agreement the District of Columbia relocated the street railway tracks at a cost of $59,756.55, and the present case was then brought by the District for the recovery of this sum from the street railway companies. The lower court found against the District upon the agreed statement of facts aforesaid, whereupon this appeal was taken.

■ We affirm the judgment of the lower court. The enactment in question does not order the street railway companies to relocate their tracks, nor to pave between the rails after the tracks are relocated. The act appropriates the sum of $350,000, and directs that it be used by the District for paving part of Wisconsin Avenue, sixty feet wide, including the necessary relocation of the street car tracks thereon; the District to obtain a refund from the street railway company "so far as provided by existing law." These words signify that at the time when the appropriation act was passed a law existed in the District prescribing the extent of the liability of the street railway companies for the cost of such improvements, and that the refund to be obtained from the companies should be limited thereby.

It is conceded that such a law existed with reference to the paving made necessary by the improvement. This was contained in the Act of June 11, 1878, entitled "An Act providing a permanent form of government for the District of Columbia," 20 Stat. 102, wherein it was provided that when any street or avenue through which a street railway runs shall be paved, such railway company shall pave that portion lying between the exterior rails of the tracks of such railway and for a distance of two feet from and exterior to such track or tracks on each side thereof, and keep the same in repair. It is conceded that this enactment constituted a provision of "existing law" requiring the companies to refund the cost of the paving therein specified. The act, however, contains no provision relating to the cost of the relocation of the companies' tracks, nor did any statute exist containing such a provision.

The street railway companies contend that the act of June 11, 1878, aforesaid, contains the only provision of law then existing relating to such a refund, and consequently that they are liable only for the cost of paving thereby required. Consistently with this contention the companies paid in full the cost of such paving, and it is not involved in this case.

■ It is contended by appellant that the term "existing law" as employed in the act connotes law which then existed by virtue of common law principles, as well as that existing by force of statutory enactment. They maintain that under the common law of the District of Columbia street railway companies are obliged to bear the cost of relocating their tracks in the city streets when compelled by lawful authority to relocate them.

We cannot agree with this contention. In our opinion the clause "as provided by existing law," as used in the act, refers to statute

426

law only. Such is in general the force and effect given to this expression when used in a statute. When the term "prescribed by law" is used in a statute, it is to be construed as meaning prescribed by the statute law, and not as prescribed by the general law. Brinckerhoff v. Bostwick, 99 N. Y. 185, 1 N. E. 663. Where an act of the Legislature refers to the laws of its own state, the expression will be held to refer to statute law, rather than the unwritten law. Southern Bell T. & T. Co. v. Beach, 8 Ga. App. 720, 70 S. E. 137. "Prescribed by law," when used in Constitutions, generally means prescribed by statutes. Lawson v. Kanawha County Court, 80 W. Va. 612, 92 S. E. 786. The term "prescribed by law," as used in a constitutional provision prescribing the duties of the officers mentioned, means prescribed by some statute of the state, and does not include matters required by common law. People v. Santa Clara Lumber Co., 55 Misc. Rep. 507, 106 N. Y. S. 624. We assume that no one will question that the term "provided by law" means provided by statute law. Fountain v. State, 149 Ga. 519, 101 S. E. 294.

In the present case there is peculiar reason for holding that this language refers to statute law only. The present controversy relates to the franchise rights and obligations of the street railway companies. Such relations are naturally defined by statute. It is conceded that Congress by statutory enactment imposed upon the railway companies the duty of paving in and about their tracks, but no statute was ever enacted requiring them to pay for relocating their tracks in the street under circumstances like these. The term "provided by existing law" therefore should be held to refer to the provision of the statute relating to the paving, and not to the assumed principle of common law relating to the relocation of the tracks. It follows that the companies were not bound to refund the cost of relocating their tracks in this instance. The judgments in cases No. 4812 and No. 4813, herein appealed from, are accordingly affirmed, with costs.