25480. CATHCART ALLIED STORAGE COMPANY *v.* BEALL.

DECIDED NOVEMBER 20, 1936.

*Burress & Dillard,* for plaintiff in error.
*Douglas, Andrews & Cole,* contra.

GUERRY, J. This action was instituted in the municipal court of Atlanta by L. H. Beall against the Cathcart Allied Storage Company, for conversion of certain personal property. The petition alleged the usual jurisdictional facts, and that the defendant "is engaged in the business of storing and keeping personal property for hire; that on or about June 21, 1932, the following per-

sonal property was stored with the defendant [here follows an itemized list of the personal property alleged to have been converted by defendant]; . . that your petitioner paid to said defendant all charges made by said defendant for its services in storing, keeping, and caring for said property; that on or about the 11th day of September, 1933, said defendant wrongfully converted the said personal property by wrongfully and illegally having the same sold." Damages were prayed for in the sum of $420. By amendment the plaintiff set out "that the defendant never in fact demanded payment of any storage charges from the plaintiff or any one else prior to the institution of the foreclosure proceedings by the defendant against Mrs. Gilmore; and plaintiff further alleges that said defendant alleged in said foreclosure proceedings that demand for payment of said storage charges had been made upon D. Gilmore since the same became due, and that payment was refused, which allegation was false and untrue, and the said Cathcart Allied Storage Company knew that said allegation was false and untrue at the time the same was made." The amendment added a further list of personal property as having been stored with defendant, which it sold, and now refuses to deliver. Defendant urged a general demurrer on the grounds (1) that the petition as amended was duplicitous, in that it set out a cause of action arising on contract and also an action in tort; (2) and that the amendment added a distinct and new cause of action.

L. H. Beall testified that on June 20, 1932, the date the property involved was stored with the defendant, he owned the property; that before that time he had stored certain property with defendant in his name, and had promptly paid all bills sent to him; that the property in question was stored by his wife's sister, under his instructions that it be stored in his name; that each month thereafter a bill was sent him in the same amount as those sent before this property was stored, and he promptly mailed defendant a check to cover each bill; and that he had no notice of the sale of the property. Mrs. Dorothy Gilmore testified that she stored the described property for the plaintiff, Beall; that she instructed Mr. Alexander of the defendant company that it was to be stored in Mr. Beall's name; and that she had never received any notice of its sale. J. E. Alexander testified for the defendant, that the property was stored in Mrs. Gilmore's name; that he was not noti-

fied that it belonged to Mr. Beall and was to be stored in his name; that no storage charges were ever paid by Mrs. Gilmore; that letters of demand were mailed to her, but were returned because she was not at the address; and that on September 11, 1933, the defendant sold the property under foreclosure of its warehouseman's lien. The judge directed a verdict in favor of the plaintiff, and left the jury to decide only the question of damages. Their verdict was for $300. The defendant filed a motion for new trial and amended it by addition of special assignments of error. The affidavit of foreclosure against Mrs. D. Gilmore, filed by the defendant, recited: "Affiant swears that said account is now due and unpaid, and demand for payment of said sum has been made upon said defendant since the same became due and payment refused."

We are of the opinion that the judge erred in directing the verdict. The jury would have been authorized to find from the evidence that the plaintiff, Beall, entrusted to Mrs. Dorothy Gilmore the personal property alleged to have been converted, for the purpose of storing it; that she, being in possession of the property, stored it with the defendant in her own name; and that the defendant was not put on notice, either actual or constructive, of the title of the plaintiff. Under these circumstances the defendant was legally authorized to deal with the property as that of Mrs. Gilmore (*Roanoke Banking Co.* v. *Dunson,* 30 *Ga. App.* 341, 117 S. E. 826); and if the defendant by valid proceedings foreclosed its lien for storage charges and the property was sold thereunder, it can not be held liable for a conversion thereof. It is true that if the foreclosure proceedings were void on their face, any judgment had thereon would be no obstacle to plaintiff's recovery in the present suit. However, the foreclosure proceedings are regular and valid on their face, and protect the defendant from any suit for conversion, until the judgment is set aside for some legal reason in a proceeding brought for such purpose. It is true that the plaintiff alleged, and sustained by proof, that the allegation in the affidavit of foreclosure that demand for payment of the storage charges had been made upon Mrs. Gilmore, and refused, was untrue; and that in *Vandalsem* v. *Caldwell,* 33 *Ga. App.* 88 (125 S. E. 716), it is said that the plaintiff might recover in such circumstances as for a breach of the contract of bailment, irrespec-

tive of the validity or invalidity of the proceedings upon their face. Yet the evidence of the defendant is uncontradicted that before the affidavit of foreclosure was made a bona fide attempt was made to make demand on Mrs. Gilmore for payment of the storage charges, but that it could not be done, because of her absence from the county of her last-known residence, which fact itself constituted a good ground of foreclosure; and since a good ground of foreclosure existed at that time, we think the judgment cured the falsity of the allegations in the affidavit, in so far as it affected the validity of the proceeding and the judgment rendered thereon. However, if the jury should determine that Mrs. Gilmore stored with the defendant in the name of the plaintiff the property alleged to have been converted, then we think a verdict in favor of the plaintiff would be demanded. This issue should have been submitted to the jury. The special assignments of error not covered by what we have already said are without merit.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*