25485, 25486. GAS LIGHT COMPANY OF COLUMBUS v. GEORGIA POWER COMPANY et ál.; and vice versa.

Argued October 15, 1969—Decided December 4, 1969— Rehearing denied December 18, 1969.

*Hatcher, Stubbs, Land & Rothschild, Albert W. Stubbs,* for appellant.

*Kelly, Champion & Henson, Forrest L. Champion, Roberts & Thornton, Troutman, Sams, Schroder & Lockerman, William H. Schroder, James E. Joiner,* for appellees.

UNDERCOFLER, Justice. The plaintiff is a public utility and is vested with a franchise granted by the City of Columbus to furnish service to all customers desiring the same in said city. "An electric company which is a public utility is obliged to treat and serve alike, with impartiality and uniformity, and without discrimination, all members of the public which it professes to serve who are similarly situated and who comply with proper conditions precedent to the furnishing of service." 29 CJS 997, § 27. *Ga. Public Service Commission v. Ga. Power Co.,* 182 Ga. 706, 715 (186 SE 839); *Southern Bell Tel. &c. Co. v. Beach,* 8 Ga. App. 720 (1) (70 SE 137); 43 AmJur 586, 599, §§ 22, 42. It cannot enforce any contract or agreement repugnant to this public duty. The covenant under attack here requires the owners of residential property in the Lake Oliver Subdivision to use electric service exclusively for the "operation of all appliances, including but not limited to, lighting, heating, air conditioning, cooking, water heating, refrigeration and other similar appliances." The owners of other residential property served by the plaintiff may select other types of energy for the operation of any of these appliances. Consequently, the plaintiff has imposed upon the owners of property in the Lake Oliver Subdivision a restriction not imposed upon its other residential customers. This is contrary to its public duty and obligation to serve all members of the public similarly situated impartially, uniformly and without discrimination. Therefore, the covenant is unenforceable. It is inimical to the plaintiff's public duty and is contrary to public policy.

The fact that the plaintiff is disposing of surplus property in its private capacity does not authorize the enforcement of a condition ancillary thereto which impairs its public duty in the furnishing of electric service. *Ga. Power Co. v. Ga. Public Service Commission,* 211 Ga. 223, 228 (85 SE2d 14).

*Judgment on main appeal reversed; cross appeal dismissed. All the Justices concur. Felton, J., disqualified.*