The Honorable Art Givens State Representative 301 Brookwood, Suite 206 Sherwood, Arkansas 72116
Dear Representative Givens:
This is in response to your request for an opinion on the following two questions:
 1. Does the sheriff have the same, or greater, power to furlough and/or release a prisoner remanded into the custody of the sheriff from municipal court as does the Department of Corrections in the furlough and/or release of a prisoner remanded into its custody from Circuit Court?
 2. More generally, what common law powers does the office of the sheriff have relative to the furlough and early release of the prisoners remanded into the custody of the sheriff from municipal court?
In response to your first question, it is my opinion that the sheriff does not have the same powers as the Department of Correction pertaining to furloughs and early release of prisoners. The powers of the Department of Correction in this regard are set out by the laws governing the operation of the Department and any rules and regulations adopted pursuant to state law. This is not to say, however, that a sheriff does not have any powers in this regard. The powers of the sheriff over furloughs and early release are governed, however, by different statutory provisions than those pertaining to the Department of Correction.
As an initial matter, it should be noted that A.C.A. § 5-4-402
provides that a "defendant convicted of a misdemeanor and sentenced to imprisonment shall be committed to the county jail or other authorized institution designated by the court for theterm of his sentence or until released in accordance with law." (Emphasis added.) Any early release of an inmate must thus be "in accordance with law."
Two provisions of Arkansas statutory law grant sheriffs, under certain conditions, the authority to grant early release or furloughs of prisoners. A sheriff is authorized to grant "meritorious good time" which can result in "early release" pursuant to A.C.A. § 12-41-101—103, under the conditions and within the limitations described therein. The sheriff is also authorized by statute (A.C.A. § 12-41-104) to grant emergency furloughs as follows:
 Under rules prescribed by the county sheriff or chief of police, and approved by the county quorum court or city legislative body, the county sheriff or chief of police may authorize emergency furloughs, under reasonable conditions, for inmates for occasions such as serious illness or death of a member of the inmate's family or other proper emergency.
The provision set out above is broad and allows the sheriff to furlough an inmate for any "proper emergency," assuming rules have been prescribed and approved by the quorum court as provided by the statute. These provisions of law therefore authorize the sheriff to release or furlough prisoners prior to the expiration of their sentences. These provisions are distinct, however, from statutory provisions governing furloughs and early releases by the Department of Correction.
In response to your second question, the extent of common law powers, if any, retained by sheriffs in Arkansas is unclear. It has been held in other jurisdictions that sheriffs retain the powers with which they were invested at common law, except as modified by statute, or the state constitution. See, e.g.,Scott v. State, 1 Md. App. 481, 231 A.2d 728 (1967) andMaxwell v. Andrew County, 347 Mo. 156, 146 S.W.2d 621 (1940).See also, 80 C.J.S. Sheriffs and Constables § 35 at 203. It has also been noted, however, that the powers of sheriffs are, to a very large extent, regulated by statute or state constitution. C.J.S., supra. In the only Arkansas case addressing the general duties of the office of sheriff, the court noted only that the duties of sheriffs are not defined by the constitution, and that such duties are "left entirely to the Legislature to fix and determine. . . ." Cain v. Woodruff County, 89 Ark. 456, 459
(1909). The court did not mention any common law powers or duties of sheriffs.
The issue, therefore, of whether a sheriff retains any common law powers over the early release or furlough of prisoners in his custody is unclear. We can find no authority in Arkansas for this proposition.
Even assuming that a sheriff retains common law authority over the early release or furlough of prisoners, it is my opinion that any power in this regard has in all likelihood been modified or superseded by statute. As noted above, A.C.A. § 5-4-402(2) requires that defendants convicted of misdemeanors be committed to the county jail (or other authorized institution) for the term of their sentence or "until released in accordance with law." (Emphasis added.) It is my opinion that this statute does not refer to releases based upon the common law authority of a sheriff. It has been held as a general rule of construction that where an act of the General Assembly refers to the "laws" of its own state, the expression will be held to refer to statute law, rather than to unwritten law, unless the context requires a different construction; and especially this is true of acts which are themselves in derogation of the common law. Gilliam v.California Employment Stabilization Commission, 130 C.A.2d 102,278 P.2d 528 (1955). See also, Southern Bell Tel. Tel. Co.v. Beach, 8 Ga. App. 720, 70 S.E. 137 (1911). It is my opinion that the statute above refers to releases in accordance with the statutes of the state, or in accordance with the judgment of a court of competent jurisdiction, as the context requires.
Sheriffs are authorized by the statutes noted above concerning meritorious good time and emergency furloughs to grant releases of prisoners, under certain condition, other than at the expiration of their sentences. Any common law authority of sheriff's in this regard has therefore been encompassed, as modified, in these statutes.
In addition, if a sheriff exercised common law authority (not granted by statute) to release a prisoner at a time earlier than the expiration of the sentence imposed by the court, the sheriff would effectively be modifying the sentence imposed by the court and usurping the authority of the judge in this regard. It has been stated that "[i]t is the duty of a sheriff to keep in custody a prisoner lawfully committed to him." Henderson,Sheriff v. Dudley, Chancellor, 264 Ark. 697, 708, 574 S.W.2d 658
(1978), citing Houpt v. State, 100 Ark. 409, 140 S.W. 294
(1913). It has also been held that a sheriff is an officer of the court for the purpose of carrying into execution sentences imposed by the court. Id. "As an officer of the court, it is his duty to obey its orders and his failure to do so is punishable as contempt of the court." Id. at 711. "The disobedience or disregard of an order of commitment or confinement by a court of competent jurisdiction is a contempt of that court." Id. at 711. Of course, these same concerns do not attend the exercise of a sheriff's specific statutory
authority to furlough prisoners in "emergencies" or to grant early releases due to the accumulation of "meritorious good time" as set out above.
It should be noted, however, that your question, as I interpret it, does not inquire as to situations where a court with jurisdiction, orders any type of early release or furlough. This opinion does not therefore address, nor should it be interpreted to restrict any such action by a court, even if prompted or initiated by the sheriff.
Finally, it should be noted that the exercise of clemency is a function granted solely to the Governor under Arkansas Constitution, art 6, § 18. See Abbott v. State, 256 Ark. 558,562, 508 S.W.2d 733 (1974). The separation of powers doctrine contained at Arkansas Constitution, art. 4, § 2, would therefore appear to prohibit any action of a sheriff in this regard. Id.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh